J-A15005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RITA JO ANN ARNOLD, | |
| Appellant | No. 108 EDA 2014 |

Appeal from the Judgment of Sentence October 15, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001421-2013

BEFORE:  BOWES, MUNDY, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 17, 2015**

Rita Jo Ann Arnold appeals from the aggregate judgment of sentence of one year and four months to two years and eight months incarceration imposed by the court after she pled guilty to tampering with public records and obstruction of justice.  We affirm.

Appellant is a former magisterial district judge.  The criminal conduct in this matter stems from her actions in that capacity.  On January 19, 2010, Appellant's two adult sons were involved in an altercation at her home. Pennsylvania State Police responded and issued a summary citation to one of Appellant's sons.  That son was on probation at the time.  The citation was received in Appellant's office on January 20, 2010, and placed in the docketing bin.

---

* Former Justice specially assigned to the Superior Court.

That same day, Appellant placed a telephone call to the Pennsylvania State Police. She informed Sergeant Brandon Daniels that the incident occurred at her house with her son and asked why a citation had been issued. Sergeant Daniels was not involved in issuing the citation and indicated that he would inquire about it. Before Sergeant Daniels responded to Appellant's inquiry, he received the citation from Appellant's district court in an envelope with his name on it. He then called Appellant and informed her that the citation was properly issued and needed to be filed. He returned the citation to Appellant's court. The citation was stamped as received on February 8, 2010, but Appellant failed to have the citation docketed.

Subsequently, on February 15, 2010, Appellant provided an employee with the citation and instructed that individual that Appellant would advise the employee when to docket it. She indicated that her son had a probation hearing approaching and that she did not know if the citation would affect his probation. Approximately one month later, the trooper who had written the citation informed Sergeant Daniels that the citation had not yet been docketed. Accordingly, Sergeant Daniels called Appellant's office. Appellant personally spoke with Sergeant Daniels. She informed Sergeant Daniels that her court was backlogged and that the citation would be filed soon.

Subsequently, on April 5, 2010, Appellant docketed the citation and transferred the case to another district magistrate. In doing so, however,

Appellant did not follow proper protocol for transferring cases in Chester County and incorrectly filled out the docket information. Specifically, Appellant entered an incorrect birthdate and indicated that the defendant was a black female.

The irregularities with the citation were discovered by the Chester County Court Administration during a routine review. President Judge James P. MacElree II directed Appellant to provide a written explanation for the unusual handling of the citation. Appellant responded that the delay in the docketing occurred because her courtroom had been closed due to noxious fumes for a period beginning on February 8, 2010, and that her courtroom was moved to a different location. The Chester County Court Administration reviewed if any other citations received on the first day Appellant's courtroom was closed was similarly delayed. That review revealed that all other citations received on February 8, 2010 were docketed by February 23, 2010.

As a result of these actions, a Judicial Conduct Board investigation occurred. As part of that investigation, Appellant's office manager testified that Appellant had told her in February not to docket the citation. She also submitted that Appellant asked her to testify before the Judicial Conduct Board that the office manager did not learn of the citation until Appellant gave it to her to transfer to another magistrate. The Judicial Conduct Board suspended Appellant for three months, after which Appellant resumed her

judicial duties. Prior to being reinstated, Appellant asked that her office manager be relieved of her duties and requested that she be replaced. The Commonwealth ultimately filed criminal charges as a result of Appellant's actions. Appellant resigned her position and, on June 24, 2013, entered an open guilty plea to the aforementioned charges.[1]

Thereafter, the court conducted a sentencing hearing on October 15, 2013. After considering a pre-sentence report, the court heard testimony from several character witnesses, argument from counsel, and Appellant's own statement. At the time, Appellant was suffering from breast cancer, and the court was aware of that fact. The court imposed a sentence of one to two years incarceration for the tampering count and a consecutive sentence of four to eight months imprisonment for the obstruction charge.

Appellant filed a timely post-sentence motion seeking reconsideration of the sentence as well as a motion for bail pending appeal. The court conducted a hearing on December 19, 2013, and denied Appellant's post-sentence motion. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the matter is now ready for our review. Appellant raises three issues for this Court's consideration.

_____

[1] The entire Chester County Court of Common Pleas bench recused. Accordingly, the Pennsylvania Supreme Court assigned Senior Judge John L. Braxton to handle this matter.

- 4 -

A. Whether the trial court abused its discretion by imposing a sentence twice the outer end of the aggravated range under the sentencing guidelines for tampering with public records and in the aggravated range for obstruction of law, thus ignoring significant mitigating factors especially the Appellant's lack of prior criminal record, her otherwise exemplary decades of judicial service, her acceptance of responsibility/remorse and resignation as a judge, and her grave cancerous condition, which is a manifestly excessive sentence and too harsh a punishment?

B. Whether the trial court further abused its discretion by ordering that Appellant's two individual sentences run consecutively, thereby resulting in a total aggregate sentence of 16 to 32 months' incarceration, which is a manifestly excessive sentence and too harsh a punishment?

C. Whether the trial court failed to articulate sufficient reasons on the record for imposing the sentences (one beyond the aggravated range and the other in the aggravated range) as mandated by the sentencing code?

Appellant's brief at 4.

Each of Appellant's issues challenges the discretionary aspects of her sentence. To preserve such a sentencing claim, the defendant must raise the issue either in a post-sentence motion or during the sentencing proceedings. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). In addition, a defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*. Further, "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Id*. Instead, "an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the

- 5 -

sentencing code." *Id.* In considering the merits of a discretionary sentencing matter, we review the sentencing court's decision for an abuse of discretion. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa.Super. 2013). In performing this review, we consider the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *Id*. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

(1)    the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2)    the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3)    the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). Further, we examine:

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)    The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3)    The findings upon which the sentence was based.

(4)    The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant timely filed a post-sentence motion asserting her claims therein. She further preserved the issue by including it in her Rule 1925(b) concise statement and has provided Rule 2119(f) statement. Accordingly,

we must examine whether her three issues present substantial questions for our review. Appellant's initial contention is that the sentencing court abused its discretion and imposed an excessive sentence by sentencing her outside the aggravated range of the sentencing guidelines and ignoring mitigating factors. This issue presents a substantial question for our review. *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa.Super. 2012); *Commonwealth v. Hernandez*, 755 A.2d 1, 13 (Pa.Super. 2000); *Commonwealth v. Perry,* 883 A.2d 599, 602 (Pa.Super. 2005); *but see Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa.Super. 2008) ("Appellant's assertion of abuse of discretion for imposing consecutive sentences without properly considering mitigating factors fails to present a substantial question to justify this Court's review of his claim.").

Appellant's second issue is that the court erred in imposing consecutive sentences resulting in an excessive sentence. Appellant relies on *Dodge*, *supra*, and *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010), in support. However, in *Dodge* the defendant was sentenced to forty years and seven months to eighty-one years and two months imprisonment. Similarly, in *Gonzalez-Dejusus*, the court sentenced the defendant to twenty to forty years incarceration. Moreover, the *Gonzalez-Dejusus* Court found no substantial question. Here, the aggregate sentence of one year and four months to two years and eight months is not, on its face, excessive in light of Appellant's conduct. We add

that Appellant is also incorrect that *Dodge* denied allowance of appeal. Rather, the *Dodge* Court reached the merits of the sentencing issues and denied relief. To the extent that Appellant highlights that one of her sentences was outside the aggravated sentencing guideline range and another was in the aggravated range, and the sentences in *Dodge* and *Gonzalez-Dejusus* were within the standard ranges, those cases involved imposition of consecutive sentences resulting in lengthy prison sentences and not two consecutive sentences resulting in an aggregate sentence of less than three years. Therefore, we hold that Appellant's allegation that the sentences imposed consecutively resulted in a harsh and excessive sentence does not present a substantial question for our review. *See Gonzalez-Dejusus*, *supra*; *Commonwealth v. Marts*, 889 A.2d 608 (Pa.Super. 2005). The final claim Appellant levels is that the court erred in failing to provide sufficient reasons for its sentence. This position presents a substantial question. *Commonwealth v. Wagner*, 702 A.2d 1084, 1086 (Pa.Super. 1996).

Having determined that two of Appellant's issues present substantial questions, we now proceed to examine their merits. First, we consider Appellant's argument that the court abused its discretion by sentencing her outside the sentencing guidelines and allegedly failing to consider certain mitigating factors. Appellant maintains that the court did not impose an individualized sentence and focused only on the aggravating fact that she

committed her crimes in her capacity as a judicial official. She asserts that the court did not give any weight to her rehabilitative needs or potential for redemption.

Appellant also submits that the court did not address the protection of the public or the gravity of the offense. According to Appellant, the court "harped on the fact that the Appellant had violated her judicial oath in committing the crimes of tampering and obstruction[.]" Appellant's brief at 29. She adds that the court focused extensively on Appellant's attempt to remove her office manager from her job and construed Appellant's efforts as an attempt to fire the office manager. Appellant argues that the sentencing court did not consider her aggressive breast cancer and need for chemotherapy treatment as mitigation evidence.

In addition, Appellant points out that her sentence for tampering was outside the aggravated range of the sentencing guidelines. Appellant had no prior record score and the standard sentencing guideline range for the tampering offense was restorative sanctions, *i.e.*, probation, to three months incarceration. The aggravated range was three to six months imprisonment. Accordingly, Appellant's tampering sentence was twice the aggravated range.

Appellant continues that the court did not mention these ranges, which she posits was a "blatant violation of the Sentencing Code." Appellant's brief at 32 (emphasis removed). Further, Appellant argues that the court did not

note that it reviewed the presentence report and ignored her "lack of any prior criminal record as well as her age, personal characteristics and life situation." *Id*. at 36. Appellant does acknowledge that the sentencing court was aware of her cancer condition, but she contends that the court ignored that factor.

Additionally, Appellant complains that the sentencing court did not consider her prior distinguished service as a public servant, her remorse and acceptance of guilt, and the forfeiture of her pension and health insurance. In Appellant's view, "the [c]ourt exhibited a certain vindictiveness and mean-spiritedness when sentencing Ms. Arnold, which is buttressed by its conduct in connection the bail pending appeal." *Id*. at 41. In this respect, the court *sua sponte* set Appellant's bail pending appeal at one million dollars. This Court, in another appeal, reversed that decision.

The Commonwealth responds that there is no requirement that a sentencing court state that it has read a presentence report in order to presume that the court was aware of the information provided therein. It posits that this Court has frequently concluded that a court is assumed to be aware of the information in a presentence report where such a report has been prepared. The Commonwealth adds that the sentencing court did consider Appellant's lack of a prior record because it was factored into the sentencing guidelines and that the court found it insignificant since Appellant's conduct took place over three years.

The Commonwealth notes that Appellant undertook extensive and "protracted efforts" to prevent her son from being prosecuted for a summary offense and then attempted to cover up those efforts. Commonwealth's brief at 15. It highlights that Appellant lied to Sergeant Daniels and to the President Judge of Chester County. Further, Appellant lied under oath before the Judicial Conduct Board and attempted to persuade an employee to lie on her behalf before that same tribunal.

The Commonwealth continues that Appellant's age, 57, was not a mitigating factor and that the court did consider her personal characteristics, but was unpersuaded by her arguments for a lighter sentence. It points out that the sentencing court did not find Appellant's claim that she did not attempt to fire her office manager for not lying on her behalf to be credible. The Commonwealth also disputes Appellant's assertion that the sentencing court did not adequately consider her medical situation. Indeed, the court expressly stated that it considered her illness. *See* N.T., 10/15/13, at 34. The Commonwealth maintains that the court did consider Appellant's health; it simply did not afford it the weight that Appellant wished.

With respect to Appellant's service as a public servant, the Commonwealth provides that the sentencing court stated that it was "very sensitive to [Appellant's] years of service." Commonwealth's brief at 30 (quoting N.T., 10/15/13, at 25). It argues, however, that the sentencing court considered her years of service as an aggravating factor warranting

harsher treatment since Appellant should have known, as a judicial official, that she was held to a higher standard.

As to Appellant's assertion that the sentencing court ignored her expressions of remorse, the Commonwealth maintains that the court disbelieved her claim of remorse and instead was concerned that she attempted to retaliate against a subordinate by seeking that person's removal. Further, the Commonwealth rejects Appellant's claim of acceptance of responsibility. In this respect, it repeats the lengths to which Appellant went to delay the filing of the citation against her son and to cover up her actions. The Commonwealth submits that Appellant's actions spanned a three year period and that "[h]er claims that she accepted responsibility border on offensive." Commonwealth's brief at 36.

The Commonwealth further disputes Appellant's position that the court acted in a vindictive and mean-spirited manner. It sets forth that Appellant's only support for her position is what occurred with respect to bail, which transpired two months after her sentence. Relying on the sentencing transcript, the Commonwealth proffers that the sentencing court accorded Appellant and her witnesses respect and took no pleasure in sentencing her.

We find that Appellant is entitled to no relief. Contrary to Appellant's assertions, it is evident that the sentencing court considered the factors that Appellant alleges were mitigating. The sentencing court simply did not

afford those facts more weight than what it considered were aggravating circumstances. Specifically, the court was aware and repeatedly acknowledged Appellant's medical condition. Further, it noted Appellant's years of judicial service. It also acknowledged that its tampering sentence was outside the guideline ranges, but set forth reasons for imposing such a sentence. Notably, the court considered Appellant's position as a magisterial district judge, her attempts to cover up her misconduct, including repeated lies, and found that Appellant did attempt to have her office manager fired. These factors, it reasoned, all warranted departing from the guideline ranges. We discern no abuse of discretion in finding that a judicial officer is held to high ethical and legal standards and that a continuing course of conduct in derogation of those duties justified a sentence outside the guidelines. The sentence herein was not unreasonable.

Having disposed of Appellant's initial issue, we now address her remaining position that raised a substantial question.[2] Appellant asserts that the trial court failed to articulate sufficient reasons for sentencing beyond the aggravated range for the tampering crime and in the aggravated range for the obstruction charge. Portions of Appellant's position are largely

_____

[2] Even assuming *arguendo* that Appellant's second claim regarding the consecutive nature of her sentences presents a substantial question for our review, it would fail for the same reasons outlined with respect to her first issue.

- 13 -

repetitive of earlier arguments; namely, that the court did not indicate it reviewed a presentence investigation report or provide an on-the-record statement of its reasons for deviating from the standard guideline ranges. Appellant submits that the court's brief acknowledgment that it had sentenced her outside the aggravated range was insufficient to support her aggregate sixteen to thirty two month sentence of imprisonment.

The Commonwealth rejoins that the sentencing court was aware that it had exceeded the sentencing guideline range for tampering and provided that it had set forth its reasons for doing so. In addition, the Commonwealth submits that Appellant's motion for reconsideration included the guideline ranges and counsel argued at a hearing that the sentence exceed the aggravated range. The court, nonetheless, despite being well aware of the ranges, elected to retain its original sentence. We find Appellant is not entitled to relief. *Compare Commonwealth v. Rodda*, 723 A.2d 212, 214 -215 (Pa.Super. 1999) (*en banc*) ("we have affirmed sentence where the record demonstrated that the sentencing court considered the guidelines and was aware that the sentence it imposed exceeded the guidelines range, though it did not, in fact, recite the range.").

The sentencing court provided lengthy reasons for its sentence. It highlighted that Appellant concocted a story to the President Judge, provided a different story and lied to the Judicial Conduct Board, violated her oath of office, and attempted to retaliate against a person with whom she had

worked for over thirty years. The court noted the disrepute Appellant's conduct placed on the judicial system as a whole. Appellant's position that the sentencing court did not provide reasons for its sentence is belied by the record.

Judgment of sentence affirmed.

Fitzgerald, J. joins the Memorandum.

Mundy, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2015