COMMONWEALTH of Pennsylvania

v.

Adrian Joseph WAGNER, Appellant
(Two Cases).

Superior Court of Pennsylvania.

Argued June 24, 1997.

Filed Nov. 13, 1997.

William Hathaway, Erie, for appellant.

Christian A. Trabold, Asst. Dist. Atty., Erie, for the Com., appellee.

Before KELLY, J., CERCONE, President Judge Emeritus, and BROSKY, J.

CERCONE, President Judge Emeritus:

This is a consolidated appeal from the judgment of sentence imposed after appellant pleaded no contest to two counts of indecent assault.[1] We vacate the judgment of sentence and remand for resentencing.

Appellant was charged with two counts of indecent assault, one count of indecent exposure, and one count of aggravated indecent assault. The charges arose out of two incidents involving appellant, a van driver for handicapped students at Edinboro University, and the victim, a handicapped student. Appellant pled no contest to the two charges of indecent assault, as well as to a count of indecent exposure. A charge of aggravated indecent assault was nolle prossed. Appellant was sentenced to consecutive terms of one to two years incarceration on the indecent assault charges. The charge of indecent exposure merged for sentencing purposes. On appeal, appellant raises three issues:

A. Whether the lower court abused its discretion in failing to provide due consideration to his lack of a juvenile record, his prior record score of zero, his educational background, his positive behavior while incarcerated, and his remorse, as mitigating factors in imposing sentence?

B. Whether the lower court abused its discretion in imposing the statutory maximum sentence for the charge of indecent assault where the conduct, although unlawful, was relatively minor compared to other conduct comprising the crime of indecent assault?

C. Whether the lower court abused its discretion in imposing the statutory maximum sentences on each respective criminal count when there were insufficient aggravating circumstances to legally support said sentencing scheme and where the sentencing court failed to make a legally sufficient contemporaneous statement on the record and where the court advanced reasons for imposing a sentence in the aggravated range and then imposed sentence outside of the guidelines?

Brief for appellant, at 3.

■ We must first determine if appellant has raised a substantial question justifying our review of the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b)(appellate court may at its discretion grant allowance of appeal where it appears there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code). A substantial question will be found where appellant advances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the sentencing code, or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987).

■ An allegation that the sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence imposed was inappropriate. *Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 668 A.2d 536 (1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996). A claim of excessiveness of sentence does not raise a substantial question where the sentence imposed is within the statutory limits. *Id.* The sentences imposed here were within the statutory limits. *See* 18

1. 18 Pa.C.S.A. § 3126(a)(1).

Pa.C.S.A. § 106(b)(7)(maximum sentence for misdemeanor of second degree is two years). However, a claim that the sentencing court did not adequately explain its reasons for sentencing outside of the sentencing guidelines does raise a substantial question which may be reviewed on appeal. *Commonwealth v. Impellizzeri,* 443 Pa.Super. 296, 661 A.2d 422 (1995), *appeal denied,* 543 Pa. 725, 673 A.2d 332 (1996).

 We find that appellant stated a substantial question when he alleged that the sentencing court failed to make a legally sufficient contemporaneous statement on the record when imposing this sentence outside the sentencing guidelines. Therefore, we will review this aspect of appellant's appeal. The sentencing court is permitted to deviate from the sentencing guidelines; however, the court must place on the record its reasons for the deviation. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Byrd,* 441 Pa.Super. 351, 657 A.2d 961 (1995). In sentencing outside of the guidelines, the court must demonstrate that it understands the sentencing guidelines ranges. *Id.; Commonwealth v. Johnson,* 446 Pa.Super. 192, 666 A.2d 690 (1995); *Commonwealth v. Frazier,* 347 Pa.Super. 64, 500 A.2d 158 (1985); *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). "Where the trial judge deviates from the sentencing guidelines ... he must set forth on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis and specific reasons which compelled the court to deviate from the sentencing range." *Commonwealth v. Royer,* 328 Pa.Super. at 70–71, 476 A.2d at 457.

 In the instant case, the court, at the sentencing hearing, indicated that the maximum sentence for the offense of indecent assault was two years. N.T., August 12, 1996, at 26. The court stated that the victim's "vulnerability, her handicap," and appellant's "opportunity to victimize her" took the offense "out of what would be the standard range and clearly moves it in the Court's mind to an aggravated range." *Id.* The court set forth various other reasons for "imposing a significant incarceration because

I find this to be within the aggravated range." *Id.* The court then imposed a sentence of a minimum of one year and maximum of two years incarceration. *Id.* at 27–28.

The sentencing guidelines form contained in the certified record indicates that for the offenses of indecent assault, appellant had an offense gravity score of four and a prior record score of zero. Under the sentencing guidelines for such scores, the standard range of minimum sentence is restorative sanctions (non-confinement sentencing options such as community service or probation) to three months. The aggravated range of minimum sentence for the above scores is up to three months additional incarceration, or up to six months minimum incarceration for the aggravated range. 42 Pa. C.S.A. § 9721, 204 Pa.Code § 303.16. Here, the lower court sentenced appellant to a minimum prison term of twelve months.

The sentencing transcript reveals that the lower court did not set forth, in appellant's presence, the permissible range of sentences under the guidelines. In a similar case, where the sentencing court imposed a sentence outside of the guidelines, the Superior Court held that

> while the sentencing court did provide reasons for the sentence imposed, these reasons were advanced to support a sentence in the aggravated range. Nowhere did the court indicate that it was in fact sentencing Appellant outside of the guidelines and provide a contemporaneous statement of its reasons for such deviation.

*Commonwealth v. Byrd, supra,* 441 Pa.Super. at 357, 657 A.2d at 964. Similarly, here, the lower court seemed to indicate that it was imposing sentence in the aggravated range of the guidelines. The court did not, however, set forth the permissible ranges of sentences under the guidelines, nor did it indicate that it was sentencing appellant outside of the guidelines. Under the above-cited authority, it is therefore necessary to vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing in accordance with this opinion; jurisdiction relinquished.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring.

I agree with the majority that the case requires a remand for resentencing consequently, I concur in the majority's decision. However, I do not agree with much of what is implied in the majority's opinion, thus, I write separately to voice my views.

My first disagreement comes with the majority's assertion that an appellant's claim of excessiveness of sentence does not raise a substantial question enabling the granting of allowance of appeal. I do not dispute the existence of authority for the majority's statement. The case they cite, *Commonwealth v. Cruz–Centeno*, 447 Pa.Super. 98, 668 A.2d 536 (1995)[1], indeed states precisely this. My concern comes from the fact that this authority exists despite the fact that as early as 1985 cases have been remanded to the sentencing court, and an abuse of discretion has been found, for imposing sentences which were found to be "manifestly excessive." *See, Commonwealth v. Smart*, 387 Pa.Super. 518, 564 A.2d 512 (1989); *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986); and *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985). Consequently, statements such as the one recited by the majority should never, in my opinion, have been written in decisions

of this court absent the overruling of the above precedent by our Supreme Court or this court sitting en banc. Furthermore, since the sentencing guidelines were passed to promote relative uniformity in sentences and imposition of "fair sentences," it follows that an assertion that a sentence was manifestly excessive, despite sounding quite boilerplate, would raise a colorable claim that the fundamental norms of the sentencing process had been compromised or subverted.

My second disagreement is the suggestion that the imposition of a sentence outside of the guidelines is beyond rejection as long as the court states its reasons for the sentence on the record and the sentence is within the statutory limits for that crime's classification. The majority states that the sentencing court is permitted to deviate from the sentencing guidelines but must place its reasons on the record for doing so. Nowhere does the majority even suggest that the court's reasoning for going outside the guidelines, and its sentence, are subject to rejection by the appellate courts if the appellate court concludes that the reasons cited for deviation do not justify the departure.

I realize the majority is again only including commonly recited language. I further realize that the exact impact that the sentencing guidelines have on the sentencing court's discretion has not been definitively stated by our Supreme Court. Nevertheless there exists authority for an appellate rejec-

---

**1.** If the majority's authority is checked back to its origin, it appears that this popular little recitation is neither well supported nor on solid legal footing. *Cruz–Centeno* cites *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992)(en banc), for authority. *Jones*, an en banc case, simply cites to *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990), without any additional analysis. *Mobley* similarly cites to *Commonwealth v. Dungan*, 372 Pa.Super. 323, 539 A.2d 817 (1988). *Commonwealth v. Dungan*, was authored by Judge Tamilia who wrote for the panel in *Commonwealth v. Simpson* which, as stated previously, found a sentence manifestly excessive. Thus, it seems doubtful that the *Dungan* panel meant to hold that a claim of manifest excessiveness could never be found to raise a substantial question for purposes of allowance of appeal.

Indeed, *Dungan* does not hold that a claim of excessiveness is per se insufficient to raise a

substantial question for purposes of granting allowance of appeal. *Dungan* examined the claim in the context of the facts of that case and concluded that the imposition of consecutive sentences under the facts of that case did not result in an excessive sentence and, therefore, did not raise a substantial question that the sentence was improper. In reality, *Dungan* appears to indeed examine the appropriateness of the sentence rather than decline review. The panel's choice of terminology is perhaps unfortunate; however, the case certainly does not appear to suggest that such a claim should never be reviewed. From this genesis, we have created a neat little recitation which would appear to automatically deny review of any claim of excessiveness without ever examining the merits of this legal rule. This may promote expediency but it is not sound appellate jurisprudence.

tion of a statutorily "legal" sentence due to the appellate court's belief that the factors cited by the sentencing court do not justify the departure from the guidelines,[2] and, 42 Pa.C.S.A. § 9781(c)(3) obligates the appellate court to vacate and remand where a sentence outside the guidelines is imposed and the sentence is unreasonable. Further, reason suggests that appellate courts must not only review but also reject the sentencing court's action where appropriate if the guidelines are to have any true viability. Otherwise, sentencing courts could easily avert the guidelines by sentencing outside them and simply reciting boilerplate reasons for the deviation.[3] Since the guidelines were passed, in large part, to promote uniformity in sentencing throughout the Commonwealth; and since it was recognized by the legislature that doing so would require some limiting of the sentencing court's discretion,[4] we must assume that the sentencing court's decision to sentence outside the guidelines is subject to appellate scrutiny and rejection if the appellate court believes that the reasons cited do not justify the sentence imposed. Otherwise, as we stated in *Smart,* appellate review would become a "mockery and a sham if all sentences were routinely affirmed under the guise of discretion of the trial court." *Smart, supra.*

Turning to the present case, the guidelines called for a standard range sentence of nonconfinement to three months imprisonment. The aggravated range called for a sentence of three to six months imprisonment. The court departed from the guidelines and sentenced appellant to twelve months to two years imprisonment, which was the maximum sentence allowed by law and twice the upper end of the aggravated range. Although I would not go so far as to suggest that sentencing courts are never justified in departing from the guidelines, I believe that rather extraordinary circumstances need to be present to allow this action under the current sentencing scheme.

The reason for this posture, although it should be somewhat obvious, is that the guidelines are designed to take into account the inherent egregiousness of the crime in question while designating the appropriate punishment for the majority of the criminal actions that constitute that crime. By this I mean that the sentencing commission was well aware of the elements of the various crimes covered in the guidelines and what conduct constituted a commission of the offense. The sentencing commission then designated what it deemed to be appropriate punishment for that criminal conduct by designating an offense gravity score.[5] The commission did not simply pick numbers out of a hat and match them up with certain crimes. Human nature being as it is, it is doubtful that the sentencing commission could assign an average punishment for criminal conduct that would satisfy all. Some would undoubtedly deem the guidelines too lenient while others might find them too harsh. Nevertheless, to effectuate the policy behind the guidelines it is necessary that such personal viewpoints be put aside.

Of course, this is not to say that deviation from the guidelines is never warranted. There are indeed times when a particular conduct that constitutes an offense might be thought of as considerably more (or less)

2. See, *Commonwealth v. Gause,* 442 Pa.Super. 329, 659 A.2d 1014 (1995); *Commonwealth v. Smart,* 387 Pa.Super. 518, 564 A.2d 512 (1989); *Commonwealth v. Simpson, supra.;* and *Commonwealth v. Parrish, supra.*

3. We recognized, in *Gause, supra,* that such an action on the part of the sentencing judge was tantamount to a substitution of his or her own sense of just punishment for that of the legislature's and sentencing commission's.

4. See, *Commonwealth v. Gause,* supra, and *Commonwealth v. Chesson,* 353 Pa.Super. 255, 509 A.2d 875 (1986), for a discussion of these concepts.

5. In this respect, the statutory limits are a considerably less relevant guide to appropriate punishment than are the guidelines. The statutory maximums are a generic classification in which dozens of offenses may be grouped while the offense gravity score is a specific designation of the gravity of a more particular criminal conduct. The statutory limits are most likely designed to allow for extraordinary punishment for the most egregious scenarios which could constitute the specific offense. There is no indication they are meant to provide appropriate punishment for the more "routine" versions of a particular offense.

egregious than the conduct normally associated with the definition of the offense so as to justify going outside the guidelines. Or there may exist other factors which would justify a departure from the guidelines. However, the greater objective of uniformity in sentencing suggests that this should be the exception rather than the rule and that the standard range sentence should be presumed to be the appropriate punishment for the conduct normally associated with the crime in question. Further, it appears clear that in many instances where this practice occurs the particular facts of the crime are not so unusual as to require deviation from the guidelines. Rather, more often it simply represents a situation where the particular sentencing judge believes that the guidelines do not provide sufficient punishment for the criminal conduct in question. Allowing a sentencing departure for such reasons completely defeats the general purpose of the guidelines.

Given the goal of promoting a greater statewide uniformity of sentences I believe the guidelines, properly applied, would yield a "Bell Curve" type of distribution of sentences with the fat part of the Bell being the standard range. The vast majority of cases would be sentenced in the standard range, a smaller percentage would be sentenced in the aggravated and mitigated ranges and the rare case would be sentenced outside the guidelines on either side. Our appellate review, while being reasonably deferential, should reflect the larger goal behind the passage of the guidelines and scrutinize those cases where the appellant has been sentenced in the aggravated and mitigated ranges. An even more heightened scrutiny would be required where, as here, the court departs from the guidelines altogether to ensure that the purpose behind the sentencing guidelines is being served and the offender is being given a sentence contemplated within the guidelines and not simply one which appeals to the individual sense of justice held by the sentencing agent. In this respect the sentencing court, although entrusted to faithfully implement the guidelines and given a fair degree of discretion to accomplish this task, must not substitute its own sense of fair punishment for that of the Legislature/Sentencing Commission's.

Since the sentence in the present case is being vacated and the case is being remanded for resentencing, there is no need for me to discuss whether or not the factors presented here are such that would allow such a considerable departure from the sentencing guidelines. Nevertheless, upon remand I would urge the sentencing court to take the above commentary into consideration while fashioning a sentence consistent with the policies behind the sentencing guidelines.