J. S03010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WAYNE JEFFREY SNOWDEN, | : | No. 706 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 22, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0001620-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 29, 2016**

Wayne Jeffrey Snowden appeals from the judgment of sentence entered on January 22, 2015, after a jury convicted him of one count of simple assault with a deadly weapon, one count of simple assault, and one count of recklessly endangering another person.  We affirm.

The trial court set forth the following factual and procedural history:

> 1.    At approximately 4:50 p.m. on May 9, 2014, in Pottstown, North Coventry Township, Chester County, an eight year old boy ("A.J."), was riding his bicycle near Defendant's home.
>
> 2.    At that same time, Defendant walked out onto his porch and discharged his firearm in A.J.'s direction.  A loud bang was heard.
>
> 3.    A.J. felt a pinch in his thigh as the bullet went "through and through."  He began to run up the street but was stopped by an adult who was dropping off his daughter at a dance

studio. Someone in the dance studio called 911.

4. Paramedics and Detective Tim Prouty, along with other Police Officers with the North Coventry Township Police Department, responded to the 911 call. Upon arriving, the paramedics began treating A.J. and the police began an investigation into the suspected shooting.

5. It was determined that A.J.'s injuries may be life threatening and he was transported via helicopter to the nearest trauma center at Children's Hospital of Philadelphia ("CHOP").

6. A.J. was stabilized at the hospital, underwent surgery, and has made a full recovery. After the shooting, A.J. had nightmares and was limited in his activities. At the time of trial, A.J. was fully recovered.

7. Defendant was interviewed by police and seemed cooperative with the investigation. Initially, Defendant stated that he had not discharged his firearm and that he had no idea who had shot A.J. He then voluntarily surrendered his licensed firearm for testing.

8. The forensic testing of the firearm revealed that it had been discharged recently. Upon further questioning by the police, Defendant admitted he had discharged his firearm though he indicated it was an accident.

Rule 1925(a) opinion, 7/10/15 at 4-5.

On May 9, 2014, [appellant] was arrested and charged with two counts of Aggravated Assault (18 Pa.C.S.[A]. §2702(a)(1) and 18 Pa.C.S.[A.] §2702(a)(9)), one count of Simple Assault With a Deadly Weapon (18 Pa.C.S.[A.] §2701(a)(2)), one count of Simple Assault (18 Pa.C.S.[A.] §2701(a)(1)), and one count of Recklessly

Endangering Another Person ("REAP") (18 Pa.C.S.[A.] §2705). The Commonwealth alleged that, on May 9, 2014, [appellant] discharged a firearm while standing on the front porch of his home resulting in the bullet striking an eight year old boy ("A.J.") in the thigh.

A jury trial began on December 1, 2014 and continued until the return of the verdict on December 4, 2014. [Appellant] was found guilty of one count of Simple Assault With A Deadly Weapon (18 Pa.C.S.[A.] §2701(a)(2)), one count of Simple Assault (18 Pa.C.S.[A.] §2701(a)(1)), and one count of REAP (18 Pa.C.S.[A.] §2705). A sentencing hearing was held on January 22, 2015. At that time, [appellant] was sentenced to 9-18 months of incarceration on the Simple Assault With A Deadly Weapon conviction, and a consecutive 9 to 18 months of incarceration on the REAP conviction.[Footnote 2] The aggregate sentence imposed was 18 to 36 months of state incarceration.

> [Footnote 2] The second count of Simple Assault, pursuant to 18 Pa.C.S.[A.] §2701(a)(1), merged with the Simple Assault With A Deadly Weapon (18 Pa.C.S.[A.] §2701(a)(2)) count.

[Appellant] filed a Post Sentence Motion on February 2, 2015 and a Motion to Modify Sentence *Nunc Pro Tunc*. We granted [appellant's] request to file his Motion to Modify *Nunc Pro Tunc*. Subsequently, on February 12, 2015, [appellant] filed a Motion to Modify Sentence and a Motion for Bail Pending Appeal. [Appellant's] Motion to Modify Sentence was denied without hearing. Pa.R.Crim.P. 720(B)(2)(b). A hearing on [appellant's] Motion for Bail Pending Appeal took place on March 3, 2015. On March 24, 2015, we denied [appellant's] Motion for Bail Pending Appeal.

On March 10, 2015, [appellant] appealed our judgment of sentence and our denials of all [of] his post sentence motions. Our Rule 1925(b) Order was

docketed on March 16, 2015 and we granted [appellant's] request for an extension of time to file his Concise Statement.[Footnote 3] [Appellant] filed his Concise Statement on May 29, 2015.

[Footnote 3] The Commonwealth had no objection to [appellant's] request for an extension of time to file the Concise Statement.

Rule 1925(a) opinion, 7/10/15 at 1-5.

Appellant raises the following issues for our review:

I.     Did the trial court abuse its discretion imposing an aggregate sentence of eighteen months to thirty-six months for the two misdemeanors of Simple Assault and Recklessly Endangering Another Person?

II.    Did the trial court err in not granting a mistrial when [the] Commonwealth stated numerous times during its opening statement that Appellant was "drunk"?

III.   Did the trial court err in not granting a mistrial when [the] Commonwealth improperly shifted the burden of proof to the defense?

Appellant's brief at 5.

Appellant first challenges the discretionary aspects of his sentence.

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have

- 4 -

> reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, in his Pa.R.A.P. 2119(f) statement and also in the argument section of his brief, appellant asserts that the trial court failed to articulate sufficient reasons, on the record, for its upward departure from the

guidelines. He, therefore, raises a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Griffin***, 804 A.2d 1, 8 (Pa.Super. 2002), ***appeal denied***, 868 A.2d 1198 (Pa. 2005), ***cert. denied***, 545 U.S. 1148 (2005), citing ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa.Super. 2001) ("[T]he sentencing judge must state of record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges. When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only."); ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa.Super. 1999) (***en banc***), quoting ***Commonwealth v. Wagner***, 702 A.2d 1084, 1086 (Pa.Super. 1997) ("Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the sentencing guidelines, we will conclude that the appellant has stated a substantial question for our review.").

> When the sentence imposed is outside the sentencing guidelines, moreover, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. This requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence.

***Commonwealth v. Widmer***, 667 A.2d 215, 223 (Pa.Super. 1995), ***reversed on other grounds***, 689 A.2d 211 (Pa. 1997) (citations and quotation marks omitted).

Here, the record belies appellant's claim that the trial court failed to articulate sufficient reasons, on the record, for its upward departure from

the guidelines. During the sentencing hearing, the trial court stated the following reasons for its upward departure:

> THE COURT: All right. I went back and reviewed my notes from the trial. There were two things that I looked at. I looked at, reviewed my notes from the character witnesses, four character witnesses who testified. I reviewed the testimony of Mr. Donte Singleton whose testimony I thought made the most sense as an explanation as to what happened.
>
> This is a difficult case. This is a difficult case because I truly believe, Mr. Snowden, that you had no intentions of hurting A.J. I do. I believe that. I think everybody does. Even his family has indicated that. However, I did not find you to be credible when you testified to the fact that you were fumbling with the gun in the pocket, keys got stuck. Mr. Singleton's testimony made a lot more sense looking at all those circumstances. And while I believe you're remorseful that A.J. got hurt, I did not believe that it was an accident in that respect.
>
> I think the Jury found properly when they found that you were reckless when you went out, pulled the trigger while the gun was pointed in a neighborhood full of children.
>
> I was considering the fact that you don't have a prior record score. You just have one DUI from so long ago. However that is taken into account in the guidelines, the ranges. Prior record score is taken into account when guidelines are set out.
>
> . . . .
>
> All right. Mr. Snowden, I have given this a lot of thought. I've gone around and around about this, but I find that to give you a lesser sentence would diminish the seriousness of the crime and would not give due consideration to what A.J. and his family suffered because of your recklessness. So on count three, simple assault, you're sentenced to nine to

eighteen months. You'll have credit for time served from May 9th, 2014 until October 23, 2014.

. . . .

On count five charging recklessly endangering another person you're sentenced to nine to eighteen months, which will run consecutively to count three. . . .

Notes of testimony, 1/22/15 at 34-37.

Contrary to appellant's assertion, then, the record clearly demonstrates that the trial court did state its reasons, in open court and with appellant present, justifying an upward deviation from the sentencing guidelines. Therefore, this claim lacks merit.

Appellant next complains that the trial court erred in not granting a mistrial when the Commonwealth stated numerous times during its opening statement that appellant was drunk at the time he fired the gun.

> With regard to the denial of mistrials, the following standards govern our review:

> > In criminal trials, the declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interests but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the

> defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion.

*Commonwealth v. Hogentogler*, 53 A.3d 866, 877-878 (Pa.Super. 2012), *appeal denied*, 69 A.3d 600 (Pa. 2013) (citations omitted). "The remedy of a mistrial is an extreme remedy required 'only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal.'" *Id.* at 878 (citations omitted).

"When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed." Pa.R.Crim.P. 605(B); *see also Commonwealth v. McAndrews*, 430 A.2d 1165, 1167 (Pa. 1981) (failure to make a timely request for mistrial waives the issue) (citation omitted); *Commonwealth v. Stafford*, 749 A.2d 489, 496 n.5 (Pa.Super. 2000) (holding that a claim of prosecutorial misconduct in closing statement was waived for failure to object at time the Commonwealth made the remark); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, a review of the prosecution's opening statement reveals that appellant placed no objections on the record.[1] Therefore, because appellant failed to object to the Commonwealth's remarks at the time the prosecutor made them, appellant waives this claim.

Appellant finally complains that the trial court erred in not granting a mistrial when, as appellant claims, the Commonwealth improperly shifted the burden of proof to the defense in its closing statement.

> It is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Prosecutorial misconduct is evaluated under a harmless error standard.

We are further mindful of the following:

> In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence

---

[1] We note that defense counsel commented on his own failure to object to the Commonwealth's references that appellant was drunk at the time of the shooting when he stated, "I didn't object when [the Commonwealth] ten times called my client drunk . . . ." (Notes of testimony, 12/4/14 at 19.)

> or proper inferences therefrom or were
> only oratorical flair.

***Hogentogler***, 53 A.2d at 878 (quotations, quotation marks, and citations omitted).

Appellant contends that the prosecution improperly placed the burden of proof on appellant when it made the following statements in its closing argument:

> [THE COMMONWEALTH]: As you start to examine defense's argument it can be summarized by, well, this could have happened, maybe this happened. Folks, maybe aliens came down, pulled the trigger for the defendant. I don't know. I wasn't there. Is it technically possible? Yeah, I guess. But just because something in some bazaar [sic] universe could have happen[ed] or something could have possibly happened, that's not reasonable doubt. Reasonable doubt is something that's real. It's not something imagined. Entire time in defense's argument and on cross-examination, we heard [a] lot of questions well, isn't this possible, couldn't this have happened. Sure. We never heard any evidence that these wild other theories actually did happen.

Notes of testimony, 12/4/14 at 48-49. The colloquy continued as follows:

> [DEFENSE COUNSEL]: Objection, Your Honor. Defense has no burden to present evidence in this case.
>
> THE COURT: Sustained.
>
> [THE COMMONWEALTH]: I will make it very clear, folks, defense has no burden at all. Defendant did not have to testify. Defendant does not have to speak to the police at any time during an investigation. I want to be very clear.

*Id.* at 49.

Appellant focuses on that portion of the prosecutor's closing argument in the first excerpt quoted above and contends that the prosecutor attempted to shift the burden of proof to the defense by suggesting that the defense was required to produce evidence and that it failed to do so. (Appellant's brief at 37-39.) In response, the Commonwealth argues that it was entitled to respond to the defense's closing argument concerning appellant's various defense theories advanced at trial and summarized in its closing. (Commonwealth's brief at 27-28.) In denying appellant's motion for mistrial at sidebar, the trial court stated that it sustained defense counsel's objection to the prosecutor's statement to the extent that the Commonwealth said that the defense had any burden of proof. (Notes of testimony, 12/4/14 at 58.) The court further stated that it wanted the jury to be clear that defendant had no burden of proof and that it concluded that the prosecutor cured that when he immediately stated, among other things, that the "defense has no burden at all." (*Id.*; *see also* trial court opinion, 7/9/15 at 7-8.) The trial court also concluded that the prosecutor's remarks had not prejudiced the jury. (Trial court opinion, 7/9/15 at 7.)

Our review of the record, particularly the context of the challenged remark, demonstrates that the trial court did not abuse its discretion. It is well established that the prosecution is permitted to respond to arguments made by the defense. *See*, *e.g.*, *Commonwealth v. Thomas*, 54 A.3d

332, 340 (Pa. 2012); ***Commonwealth v. Hutchinson***, 25 A.3d 277, 307 (Pa. 2011); ***Commonwealth v. Tedford***, 960 A.2d 1, 33 (Pa. 2008); ***Commonwealth v. Carson***, 913 A.2d 220, 237, 239-240 (Pa. 2006); ***Commonwealth v. Brown***, 414 A.2d 70, 78 n.6 (Pa. 1980) ("It is clear that the prosecution may, in its closing address, attempt to meet the pleas and arguments made by defense counsel in his summation."). Here, the prosecutor properly responded to the defense's various theories as to why appellant did not act recklessly when he shot the victim, and, as such, the prosecutor's conduct fell well within the bounds of proper advocacy.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016