J-S51044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER WATSON | : | |
| | : | |
| Appellant | : | No. 3081 EDA 2016 |

Appeal from the Judgment of Sentence May 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004189-2015

BEFORE: BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 29, 2017**

Appellant, Christopher Watson, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after he entered into an open guilty plea to Possession with the Intent to Deliver (PWID) a controlled substance. Sentenced to an upward departure sentence that was three months beyond the applicable sentencing guideline's aggravated range, Appellant contends the court abused its sentencing discretion by providing no reason for exceeding the guidelines other than Appellant's criminal history, which was already factored in the guideline range sentences. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

On April 4, 2015, plainclothes police officers arrested Appellant after observing him retrieve two packets of heroin from a large plastic bag within his car and sell them to a known heroin user. A search of Appellant's car incident to his arrest uncovered nearly five hundred dollars and eight additional packets of heroin. N.T. 1/27/15, at 7-9, 21.

On January 27, 2016, Appellant entered an open guilty plea to PWID and knowingly or intentionally possessing a controlled substance. At his sentencing hearing on May 5, 2016, the parties and the court agreed that Appellant's offense gravity score of six and prior record score of five resulted in an applicable standard range guideline sentence of 21 to 27 months' incarceration, plus or minus six months. N.T. 5/5/16, at 7. Appellant exercised his right of allocution, wherein he apologized for his conduct and asked the court to consider mitigating circumstances. N.T. at 2-7. Defense counsel likewise argued for a mitigating sentence given Appellant's guilty plea, remorseful attitude, and good behavior while in custody. N.T. at 7-11.

Prior to imposing sentence, the trial court stated the following:

Mr. Watson, the reason why [the prosecutor's] comments or her sentencing memo is long is because your criminal record is long. I reviewed it and I'm astonished [over] all the crimes that you have been convicted of since the time you were 11 years old. You got at least one gun case, possibly two. You got all kinds of numerous drug convictions.

And domestic violence convictions to the point that the police were standing there while you hit a female right in front of the police. I can't believe such arrogance.

You were even on my probation there for a while for possession of a controlled substance. Obviously, probation means nothing to you. Obviously, looks like a county sentence means nothing to you. So I'm going to impose a sentence of 3 to 6 years followed by 5 years' probation.

N.T. at 15-16.

On May 12, 2016, Appellant filed a Motion for Reconsideration of Sentence pursuant to Pa.R.Crim.P. 720(A)(1), arguing that the sentence was above the aggravated range and asking for a "sentence at the low end of the guidelines." Post-sentence Motion, 5/12/16 at 2. In support of Appellant's motion, he argued that he had voluntarily waived his right to a trial and pled guilty, his case was a non-violent drug offense, he did not resist arrest, he is 28 years old with only one prior felony from eight years ago, the sentence "was above the aggravated range of the sentencing guidelines without sufficient reason," and the Commonwealth presented stale evidence of his involvement with a local gang from nearly ten years earlier. *Id*. at 2-3. On September 9, 2016, the court denied Appellant's motion. This timely appeal followed.

Appellant presents one question for our review:

**DID NOT THE TRIAL COURT IMPOSE AN EXCESSIVE AND UNREASONABLE SENTENCE BY SENTENCING MR. WATSON IN EXCESS OF THE SENTENCING GUIDELINES WITHOUT ANY ADEQUATE EXPLANATION, APPARENTLY BECAUSE OF A FACTOR, MR. WATSON'S PRIOR RECORD, WHICH WAS ALREADY COUNTED BY THE SENTENCING GUIDELINES?**

Appellant's brief at 3.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address a challenge to the discretionary aspects of sentence, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Our review of the record shows that Appellant timely filed both a post-sentence motion, in which he requested reconsideration of his sentence, and a notice of appeal. However, with respect to whether Appellant's motion preserved the specific issue he raises in the present appeal, namely, that the court departed from the guideline ranges because of a consideration—his criminal record—already factored in the sentencing guidelines, we observe that it failed to do so. *See supra*. Accordingly, we find this aspect to the present appeal waived.

To the extent appellant argues that the trial court failed to articulate sufficient reasons on the record for its upward departure from the guidelines, he raises a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002) (citing *Commonwealth v. Eby*, 784 A.2d 204 (Pa.Super. 2001) ("[T]he sentencing judge must state of

record the factual basis and specific reasons which compelled him or her to deviate from the guideline ranges.  When evaluating a claim of this type, it is necessary to remember that the sentencing guidelines are advisory only."); *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (quoting *Commonwealth v. Wagner*, 702 A.2d 1084, 1086 (Pa.Super.1997) ("Where the appellant asserts that the trial court failed to state sufficiently its reasons for imposing sentence outside the sentencing guidelines, we will conclude that the appellant has stated a substantial question for our review.").

However, the record belies such a claim.

> When the sentence imposed is outside the sentencing guidelines, moreover, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.  This requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence.

*Commonwealth v. Widmer*, 667 A.2d 215, 223 (Pa.Super. 1995), *reversed on other grounds*, 689 A.2d 211 (Pa. 1997) (citations and quotation marks omitted).  "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Besides considering Appellant's prior criminal history, the trial court considered the information in Appellant's PSI,[1] his continuous drug abuse, and the apparent futility in imposing another county or probationary sentence. Thus, because Appellant's criminal record was not the sole factor in sentencing him outside the Guidelines,[2] we find no abuse of discretion in the court's sentence.

Judgment of sentence is AFFIRMED.
Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017

_____

[1] "Where pre-sentence reports exist, we ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

[2] While a trial court may not consider, as the sole reason for increasing a sentence, factors already included within the Sentencing Guidelines, "[t]rial courts are permitted to use prior conviction history and other factors already included in the guidelines *if [ ] they are used to supplement other extraneous sentencing information*." **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa.Super. 2006) (emphasis in original) (quoting **Commonwealth v. Simpson**, 829 A.2d 334, 339 (Pa.Super. 2003)).