J-S43028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK HADLEY DORAN | : | |
| | : | |
| Appellant | : | No. 348 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 14, 2023
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0002257-2023

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 7, 2025**

Appellant, Patrick Hadley Doran, appeals from the judgment of sentence entered on August 28, 2023, by the Court of Common Pleas of Montgomery County, which imposed a prison term of 3½ to 7 years. Upon review, we affirm.

Appellant purchased a Ford F650 XLT dump truck but failed to have it properly titled, registered, insured, or inspected. On August 25, 2022, Appellant hired Everett Clayton, a homeless man, to drive the truck 11 miles from one work site to the next without confirming Clayton's ability to operate a truck of that size. While traveling more than 25 mph over the speed limit on a curved road, Clayton struck Kellie Adams' vehicle, killing her and her unborn child. Clayton consumed alcohol at the worksite, such that his blood alcohol content was .076 when operating the truck. On June 14, 2023, Appellant pleaded guilty to homicide by vehicle and was informed of the

maximum sentencing range of 3½ to 7 years imprisonment.[1]  The trial court deferred sentencing pending a presentence investigation and report (PSI).  At the sentencing hearing, the trial court heard testimony from four Commonwealth witnesses and received written victim impact statements.  On August 28, 2023, the trial court sentenced Appellant to the maximum sentence.  On September 7, 2023, Appellant filed a motion for reconsideration of his sentence that was denied on December 14, 2023.  Appellant filed the present appeal on January 16, 2024.

Appellant raises the following question for our review:

Did the [trial] court abuse its discretion by sentencing Appellant by making emotionally-driven conclusions of fact unsupported by evidence produced throughout the entire record of the case and did the sentencing court inadequately justify its deviation from the high-end of the aggravated guidelines?

Appellant's Brief, at 2.

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right.  *See Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015).  An appellant challenging the discretionary aspects of his sentence must satisfy the following four-part test to invoke this Court's jurisdiction over the matter:

(1) whether appellant has filed a timely notice of appeal,

---

[1] The trial court also informed Appellant that the guidelines carry a minimum sentence of 3 to 12 months in the standard range, probation or restorative sanctions in the mitigated range, and 18 months in the aggravated range.

(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,

(3) whether appellant's brief has a fatal defect, and

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (internal citations omitted).  Here, Appellant has satisfied all four parts of the above test, thereby invoking this Court's jurisdiction over his appeal.

First, Appellant filed a timely notice of appeal.[2]  Second, Appellant's timely motion to reconsider his sentence properly preserved the claims raised on appeal.  Third, Appellant's brief is free of any fatal defect and contains all required sections and certifications pursuant to Pa.R.A.P. 2119(f).  Therefore, we must determine whether Appellant raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what

---

[2] Under 1 Pa.C.S.A. § 1908, when the last day of a time frame referenced in a statute falls on a Saturday, Sunday, or legal holiday of the Commonwealth or the United States, that day should be excluded from the computation. Here, the 30th day fell on Saturday, January 13, 2024. The court was closed on Monday, January 15 in observance of a court holiday. Tuesday, January 16, 2024 was the next possible date to file the appeal, and Appellant timely filed his appeal on that date. ***See also Bassett v. Bassett***, 671 A.2d 661, 661–62 (Pa. 1995) (holding that an appeal filed on Tuesday was timely when the 30-day period ended on the preceding Sunday and the preceding Monday was Colombus Day).

fundamental norms the sentence violates, and the manner in which it violates that norm.

**Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant contends the trial court based its sentence on emotional conclusions with no supporting evidence within the record, and that it failed to justify its deviation from the aggravated range of the guidelines. **See** Appellant's Brief, at 10-14. Specifically, Appellant asserts that the trial court misapplied the legal concept of "malice" in formulating its sentence, did not individualize its sentence, and gave an inadequate explanation for its deviation from the sentencing guidelines. **See id**.

This Court has held a claim that a trial court's failure to adequately explain its reasons for a sentence imposed outside of the sentencing guidelines raises a substantial question. **See Commonwealth v. Wagner**, 702 A.2d 1084, 1086 (Pa. Super. 1997). We have also held that a substantial question is raised when a defendant on appeal alleges that the trial court relied on an improper factor when imposing a sentence. **See Commonwealth v. Salter**, 290 A.3d 741, 748 (Pa. Super. 2023). Appellant presents a substantial question; therefore, this Court has jurisdiction to consider the merits of his sentencing issue.

We review claims challenging the sentence imposed by determining if the sentencing court abused its discretion, and our scope of review is plenary.

*See Commonwealth v. Pisarchuk*, 306 A.3d 872, 879 (Pa. Super. 2023). Pennsylvania law requires individualized sentencing, with consideration given to the nature and circumstances of the crime, as well as the character of the defendant. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1160-61 (Pa. Super. 2017). A trial court must consider the gravity of the offense as it relates to the impact on the community, the defendant's rehabilitative needs, and the protection of the public when rendering a sentence. *See* 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018) (internal citations and quotation marks omitted). Furthermore, the sentencing guidelines are advisory in nature, and it is within the court's discretion to exceed those guidelines if the sentence does not exceed the maximum sentence permitted by statute. *See Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024).

The trial court must state the reasons for the sentence imposed, and when the sentence imposed falls outside of the statutory guidelines, those reasons must be provided in writing. *See* 42 Pa.C.S.A. § 9721(b); *see Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (same).

The record must reflect the trial court's consideration of the facts and the defendant's character. **See Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010). We may vacate a sentence and remand for resentencing if we find that:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Here, Appellant principally contends that the trial court's use of the concept of "malice" was misapplied in this case, as it was an impermissible factor for justifying a deviation from the sentencing guidelines. **See id.** at 11, 13. Appellant also contends that the trial court failed to adequately explain the specific reasons for its sentencing departure from the guidelines, depriving Appellant of an individualized sentence. **See id.** at 13.

Upon review of the record, we find that the trial court properly considered all requisite factors when imposing Appellant's sentence, while also explaining the reasons for deviating from the guidelines.

Appellant was charged with homicide by vehicle, which is defined as follows:

**(a) Offense.--**Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

18 Pa.C.S.A. § 3732(a).[3]

The offense has a gravity score of 6. Appellant has a prior record score of 0. The sentencing guidelines recommend restorative sanctions for an offense in the mitigated range, 3–12 months of incarceration for an offense in the standard range, and 18 months of incarceration in aggravated range. The

---

[3] The basis for the homicide by vehicle charge was Appellant's violation of Section 4107(b)(2) of the Vehicle Code, which provides:

> (b) Other violations.--Except as otherwise provided, it is unlawful for any person to do any of the following:
>
> * * * *
>
> (2) Operate, or cause or permit another person to operate, on any highway in this Commonwealth any vehicle or combination which is not equipped as required under this part or under department regulations or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations.

75 Pa.C.S.A. § 4107(b)(2).

statutory maximum for a homicide by vehicle offense is 84 months of incarceration. The trial court sentenced Appellant to the statutory maximum, which was above the aggravated range of the applicable guidelines.

When fashioning the sentence, the trial court considered Appellant's age, difficult upbringing, and lack of a prior criminal record. *See* N.T. Sentencing Hearing, 8/28/23, at 41–42 ("And this Court recognizes that [Appellant] is a young man who's had a challenging life. He's an unadopted immigrant here. He has no prior record.").

The trial court further considered the reasons why Appellant took the course of action he did. *See id.* at 42–43 ("And it is clear that he did not set out to kill anyone or take a life . . . He failed to follow safety regulations . . . [And] he did so to avoid making the payments that one would have to make, to make the vehicle safe."). The trial court acknowledged Appellant's acceptance of responsibility. *See id.* at 42 ("The Court has considered the fact that he entered a plea and accepted responsibility for his actions."). The trial court considered the safety of the public. *See id.* ("[Appellant's] actions reflect an extreme and deliberate indifference to the value of human life."). The trial court also found that the impact on the victims' family and community was "immeasurable" and outweighed Appellant's mitigating factors. *Id.* at 44 ("The impact on Kellie Adams' family and friends and community is simply

immeasurable . . . [Appellant] caused a devastating life-altering tragedy for which there is no recovery.").

While recognizing that "malice" is not an element of homicide by vehicle, the trial court relied on the definition of the term to explain further why Appellant's conduct was so "unique" and egregious that it warranted a departure sentence. *Id*., at 42. That is, the trial court referenced the malice standard to illustrate Appellant's disregard for the probability of injury or death caused by his actions:

> But what truly makes this case unique in the Court's judgment is one word. And that's "malice." Because while malice certainly encompasses a specific intent to kill, and I don't find that here, it encompasses some other states of mind -- a hardness of heart, recklessness of consequences, a mind regardless of social duty, disregard for the probability of death or serious bodily injury by one's actions. And I say malice, because while it's not an element of homicide by vehicle, it is clearly present in this case.
>
> [Appellant's] actions reflect an extreme and deliberate indifference to the value of human life. He knowingly and recklessly put a dangerous vehicle on the road. He failed to follow safety regulations to secure proper inspections. And this Court finds he did so to avoid making the payments that one would have to make, to make the vehicle safe.

*Id*., at 42-43.[4]

---

[4] In ***Commonwealth v. Packer***, 168 A.3d 161, 168-69 (Pa. 2017), our Supreme Court categorized the *mens rea* standard of "malice" as falling in between the standards of "recklessness or culpable negligence necessary to support the charge of involuntary manslaughter, and the specific intent to kill which is a prerequisite of murder[.]" (Quoting ***Commonwealth v. Taylor***, 337 A.2d 545, 564 (Pa. 1975)). "Malice" has been defined in this context as "a class of wanton and reckless conduct which manifests such an extreme

Based on these considerations, the trial court determined that the maximum possible sentence was the only just sentence. *See id.* at 45 ("[T]his Court will impose what I think is the only just sentence, which is a maximum sentence, as the Court finds that any lesser sentence would depreciate the seriousness of this crime and the havoc [wreaked] by [Appellant's] actions.").[5]

Additionally, the sentencing court did not consider any impermissible sentencing factors. A sentencing court is required to consider the protection of the public when rendering a sentence. *See* 42 Pa.C.S.A. § 9721(b). It was therefore relevant that Appellant had declined to have his vehicle's title filed in Pennsylvania. *See* N.T., Plea Colloquy, 6/14/23, at 13. Appellant never

---

indifference to the value of human life which transcends the negligent killing and reaches the level of the malice which supports a verdict of murder in the second degree." *Taylor*, 337 A.2d at 564.

[5] Even if we were to construe the trial court's remarks on the "malice" standard as the consideration of an uncharged crime, it would not constitute an abuse of discretion in this case. "Not only does caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background." *Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006); *see also Commonwealth v. Leggett*, No. 1984 EDA 2022, at *3-4 (Pa. Super. filed August 16, 2023) (unpublished memorandum) (holding that trial court's consideration of uncharged robbery at sentencing was not an abuse of discretion because trial court only referenced it to justify a downward departure). This is permissible as long as the record establishes an "evidentiary link" between the defendant and the uncharged conduct. *Id*. Moreover, improper consideration of uncharged conduct as a sentencing factor is not an abuse of discretion where, as here, the trial court has "offered significant other support for the sentence[.]" *Commonwealth v. Cole*, No. 1223 EDA 2020, at *13 (Pa. Super. filed April 25, 2022) (unpublished memorandum).

insured or properly registered the vehicle. **See id.** When the seller offered an inspection on the day of purchase, Appellant declined the offer and stated, "he had his own person to do that inspection." **Id.** However, the vehicle was never inspected, and several post-crash inspections determined the vehicle would not have been road worthy at the time of accident and the vehicle contained several out-of-service violations. **See id**., at 13, 17.

Finally, Appellant has attempted to support his claim that the trial court did not individualize his sentence by quoting the trial court's statement that, merely due to committing the offense of homicide by vehicle, Appellant "must receive the maximum." Appellant's Brief, at 13. However, this is not a fair reading of the record. The trial court stated the following in pertinent part:

> And when the Court considers the circumstances of the case, it is clear that the actions and inactions of [Appellant], along with the damage caused by them, can only be described as the worst case of homicide by vehicle this Court has seen . . . based upon all of the reasons stated by this Court, this Court will impose what I think is the only just sentence, which is a maximum sentence[.]

**See** N.T., Sentencing Hearing, 8/28/23, at 45. As shown, the trial court did not impose the sentence based solely on the fact that the crime was committed. Rather, the trial court considered the surrounding circumstances that led to this particular homicide by vehicle and then determined that a maximum sentence afforded more justice than the aggravated range recommended by the sentencing guidelines. **See id**.

Thus, the trial court gave due consideration to all the required statutory factors and appropriately imposed a sentence outside the guidelines but within the statutory bounds. We therefore conclude that none of Appellant's sentencing claims have merit, and that the trial court did not abuse its discretion in imposing his sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/7/2025