J-S53029-18

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID BISCARDI-LUCAS, | : | |
| | : | |
| Appellant | : | No. 3781 EDA 2017 |

Appeal from the Judgment of Sentence October 17, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0004419-2017,
CP-09-CR-0004482-2017

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT\*, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 09, 2018**

David Biscardi-Lucas appeals from the judgment of sentence imposed on October 17, 2017, in the Court of Common Pleas of Bucks County, following his guilty plea to two counts of simple assault and two counts of harassment.[1] Biscardi-Lucas received an aggregate sentence of 18 to 48 months' incarceration.  In this timely appeal, Biscardi-Lucas claims he was sentenced outside of the guideline ranges[2] without proper justification.  After a thorough

_____

\* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2709(a)(1), respectively.  Harassment was a summary offense.

[2] The highest aggregate minimum sentence, in the aggravated range, for the two simple assault charges, was eight months.  **See** Trial Court Opinion, 3/14/2018, at 3.

review of the submissions by the parties, relevant law, and the certified record, we affirm.

Our recitation of the facts underlying this matter is taken from the trial court's Pa.R.A.P. 1925(a) opinion.

> With respect to Information 4482 of 2017, the facts are as follows: Your affiant in this case is Officer Anthony Durle of the Bristol Township Police Department. If called to testify, he would testify that on June 3, 2017, at approximately 1:25 hours he was dispatched to [ ], Bristol Township, Bucks County.
>
> Your affiant met with Anthony Dorazio and the victim[.] The victim was crying and upset. Dorazio stated that David Biscardi-Lucas and [the victim] were involved in a verbal argument that led to a physical altercation.
>
> Dorazio stated David struck [the victim] multiple times in the face and body and choked her around the neck. [The victim] stated that her ex-boyfriend David was punching her in the face. [The victim] stated that the defendant "choked me to the point I couldn't breathe." [The victim] tried to get up and leave and the defendant grabbed her and threw her to the ground. During the altercation the defendant broke the victim's glasses. Defendant also broke the victim's phone when she tried to call the police.
>
> [The victim] sustained a swollen bloody lip, cut on her elbow, scrapes on her [c]hest and red marks on her neck.
>
> The defendant – it should be noted the defendant committed an assault while out on bail on Information 4419, an assault involving the same victim.
>
> The facts on Information 4419 of '17 are as follows: Your … affiant is Officer Bausch of the Bristol Township Police Department. If call[ed] to testify, he would testify to the following: On December 25, 2016, he was dispatched at 22:35 hours to[ ], Apartment D, Bristol Township, Bucks County. There he met with [the victim] who stated that the defendant had punched her in the face and threw her to the ground, choking her with her [his] hands.

The victim had dr[ied] blood around her mouth and contusion to the left side of her face underneath her eye. While speaking with the victim, the defendant interrupted [] the conversation. The defendant stated that he has anger problems and that the victim got into the defendant's face yelling.

The defendant advised the victim that he was about to punch her and then proceeded to punch her in the face. The defendant stated … that he then choked her out.

Trial Court Opinion, 3/14/18 at 1-2.

Before we begin our analysis, we note:

Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows: "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." [**Commonwealth v.**] **Anderson**, [830 A.2d 1013 (Pa. Super. 2003)], **supra**, at 1018. "In this context, an abuse of discretion is not shown merely by an error in judgment." **Id.** "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.**

**Commonwealth v. Bullock**, 170 A.3d 1109, 1123 (Pa. Super. 2017).

Additionally,

In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721; **see also Commonwealth v. Eby**, 784 A.2d 204, 205-206 (Pa. Super. 2001).

The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the

> impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

***Commonwealth v. Gibson***, 716 A.2d 1275, 1276-1277 (Pa. Super. 1998) (internal quotations omitted).

> When evaluating a challenge to the discretionary aspects of sentence ... it is important to remember that the sentencing guidelines are advisory in nature. ***Id***. at 1277. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. ***Id.*** "[O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un*reasonable, we must affirm a sentence that falls outside those guidelines." ***Id.*** (citations omitted, emphasis in original).

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263-64 (Pa. Super. 2012). ***See also Commonwealth v. Rodda***, 723 A.2d 212 at 216 (Pa. Super. 1999) (holding record must demonstrate "with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them"); ***Commonwealth v. Gause***, 442 Pa. Super. 329, 659 A.2d 1014, 1017 (1995) (noting it is not enough for court to pay "token lip service" to sentencing guidelines simply as prerequisite to impose whatever sentence it may choose; departure sentence reasonable where particular facts differentiate case from typical case of same offense).

***Commonwealth v. Shull***, 148 A.3d 820, 835-36 (Pa. Super. 2016).

> Finally,

> This Court may reach the merits of an appeal challenging the discretionary aspects of a sentence only if it appears that a substantial question exists as to whether the sentence imposed is not appropriate under the Sentencing Code.

> A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to

the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a "substantial question" for our review.

*Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002) (citation omitted).

Our review of the certified record and Biscardi-Lucas's Pa.R.A.P. 2119(f) statement convinces us that he has both preserved his claim by filing the appropriate post-sentence motion and has raised a substantial question. Therefore, we will consider the merits of his argument.

Contrary to Biscardi-Lucas's claims, the trial judge, the Honorable Wallace H. Bateman, appropriately explained his reasoning for imposing the sentence. Once again, we quote from the trial court opinion:

> A sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. *Commonwealth v. Begley*, 780 A.2d 605, 644 (Pa. 2001); *Commonwealth v. Constantine*, 478 A.2d 39 (Pa. Super. 1984); *Commonwealth v. Gallagher*, 442 A.2d 820 (Pa. Super. 1982). Additionally, the Court must consider the sentencing guidelines as produced by the Pennsylvania Commission on Sentencing. 42 Pa.C.S.A. § 9721(b). Turning to common law, "[w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (*quoting Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). The sentencing court should refer to defendant's criminal record, age, personal characteristics, and potential for rehabilitation. *Griffin*, 804 A.2d at 10 (*citing Commonwealth v. Burns*, 765 A.2d 1144, 1151 (Pa. Super. 2000)).

> This Court considered the impact on the victim, the need to protect the community and any impact thereon. N.T 10/17/17, pp. 18-22; Court's Exhibits 1-3. This Court also addressed [Biscardi-Lucas's] rehabilitative needs. N.T. 10/17/17, p. 22. Finally, this Court weighed the sentencing guidelines and reasons for an upward departure from the guidelines. N.T. 10/17/17, p. 21. The Court thoroughly discussed all considerations mandated by statute. *See* 42 Pa.C.S.A. § 9721(b). The only mandated consideration under common law – the circumstances of the offense and [Biscardi-Lucas's] personal characteristics – were also discussed on the record. N.T. 10/17/17, pp. 18-20; Court's Exhibits 1-3 (circumstances of offense); N.T. 10/17/17, pp. 20-21; Court's Exhibit 3 (personal characteristics). This Court also considered the information in [Biscardi-Lucas's] Domestic Violence Investigation Report. N.T. 10/17/17, p. 2, Court's Exhibit 3.

Trial Court Opinion, 3/14/2018, at 6-7.

Additionally, we note the specifics found in the record that formed the basis of the trial court's reasoning, such as the fact that Biscardi-Lucas assaulted the victim the second time while he was out on bail from the first assault; he twice choked the victim to the point of causing her to blackout; he showed no remorse, telling his mother "She needed her fucking face tumbled in"; and he tried to excuse his behavior to the police by telling the responding officer that he had anger problems and the victim got into his face yelling at him, he then advised her he was about to punch her, and he did.

Our review of the certified record finds no abuse of discretion on the part of the trial court in sentencing Biscardi-Lucas outside the guidelines. Accordingly, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/18