J-S26041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL A. CINTRON | : | |
| | : | |
| Appellant | : | No. 869 EDA 2018 |

Appeal from the Judgment of Sentence February 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001486-2017,
CP-51-CR-0007199-2015, CP-51-CR-0007242-2015,
CP-51-CR-0007244-2015

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

CONCURRING/DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED OCTOBER 28, 2019**

While I join with the majority regarding Cintron's claims of error regarding the admission of evidence at trial and the sufficiency of the evidence to sustain his False Identification conviction, I disagree with the majority for several reasons.

First, I disagree with the majority's holding that this appeal should not be considered because it involves discretionary aspects of sentencing and Cintron has not raised a substantial question justifying our taking of his appeal.  Because he is challenging whether the trial court failed to comply with

_____

[*] Retired Senior Judge assigned to the Superior Court.

the mandate in 42 Pa.C.S. § 9721(b), he is not challenging a discretionary aspect of sentencing. Moreover, even if it is a discretionary aspect of sentencing, we have repeatedly held that failure to comply with that provision presents a substantial question for our review.

Second, I would hold that the trial court did not comply with 42 Pa.C.S. § 9721 because at the time of sentencing or otherwise, it did not provide sufficient reasons for the very substantial upward deviation from the sentencing guidelines.

Accordingly, I respectfully dissent.

## I.

The trial court sentenced Cintron to 45 to 90 years of incarceration, which represented the statutory maximum at each count, to be served consecutively with the exception of Possession of Instrument of Crime and False Identification, for which it imposed probation. Based on the guideline ranges placed on the record at the sentencing hearing, if the trial court had imposed consecutive sentences at the bottom of the standard range at each count, Cintron's sentence would have been 210 months at the minimum, or slightly over 17.5 years. N.T., 2/22/18, at 4-5. Had the trial court selected the top of the standard range, his sentence would have been 295 months at the minimum, or slightly over 24.5 years. *Id.* There is no question that this sentence is more than a substantial deviation from the guidelines. There is also no question that the trial court did not provide a contemporaneous written

- 2 -

statement at the time of sentencing but orally informed Cintron of the purported reasons not to comply with the guidelines.

**A.**

Pursuant to 42 Pa.C.S. § 9781(c)(3), when the sentencing court has imposed a sentence outside the guidelines, we must vacate and remand if "the sentence is unreasonable," otherwise, we must affirm. In *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007), our Supreme Court noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963.

Reasonableness is assessed in two distinct ways. First, 42 Pa.C.S. § 9781(d) states that we shall consider the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id*. "A sentence may be found unreasonable if it fails to properly account for these four statutory factors . . . [or] if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." *Commonwealth v. Durazo*, 2019 Pa.

Super 150, ---- A.3d ---- (Pa. Super. May 7, 2019) (citation omitted, bracketing in original).  Those general standards are codified as follows:

> **(b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). . . . .  **In every case where the court imposes a sentence or resentence outside the guidelines . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission, as established under section 2153(a)(14) (relating to powers and duties).  Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant.**

42 Pa.C.S. § 9721 (footnote omitted; emphasis added).

With that background, I now proceed to the reasons for my dissent.

**B.**

As the majority notes, challenges to the discretionary aspects of a sentence are not appealable as of right.  However, I do not believe that whether the trial court failed to comply with the mandates contained in 42 Pa.C.S. § 9721(b) involves a discretionary aspect of sentencing.  That provision requires that when a trial court deviates from the sentencing guidelines at sentencing, it "shall provide a contemporaneous written statement of the reasons or reasons for the deviation from the guidelines."

- 4 -

The trial court has no discretion whatsoever for not following those mandates, including providing sufficient reasons for not following the guidelines.[1]

## C.

In any event, I would hold that Cintron properly invoked our jurisdiction by satisfying the four-part test. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). A defendant must preserve his claims at the time of sentencing or in a post-sentence motion, file a timely

---

[1] Pa. Const. art. V, § 9 provides that "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law." That provision of the Constitution seems to require that review even for discretionary aspects of sentencing. I recognize that in *Commonwealth v. McFarlin*, 587 A.2d 732, (Pa. Super. 1991), we held that 42 Pa.C.S. 9781(b), upon which Pa.R.A.P. 2119(f) is based, is constitutional. It did so because it found that provision to be a reasonable regulation on the right to appeal.

However, Judge Del Sole's dissenting opinion in *McFarlin* is much more cogent. Before *Pa. Const. art. V, § 9* was enacted in 1968, there were types of decisions that could only be appealed if our Supreme Court granted certiorari. Pa. Const. art. V, § 9 was enacted in 1968 to give everyone the absolute right to appeal any decision that involved a "right." By requiring that there be a "substantial question" before an appeal can be taken from a criminal sentence, 42 Pa.C.S. 9781(b) makes that type of appeal permissive while the Constitution makes the consideration of all appeals mandatory.

Moreover, requiring that there be a substantial question is not reasonable nor is it a regulation. A reasonable regulation is how you take the appeal, how many days you have to appeal, where you file the appeal, what has to be in the appeal; it does not involve whether you can maintain the appeal.

notice of appeal, and include a statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in his brief, and raise a substantial question for review. *Id*.

Cintron has satisfied the first three requirements for challenging the discretionary aspects of his sentence on appeal. Unlike the majority, I would also conclude that Cintron has satisfied the fourth requirement and raised a substantial question for our review. Cintron does not merely challenge the imposition of consecutive sentences, which, as noted by the majority, would not constitute a substantial question. *See* Slip Op. at 19. Cintron has alleged that the sentencing court imposed a sentence outside the aggravated range of the guidelines without stating adequate reasons on the record which we have held raises a substantial question.[2, 3] *See Commonwealth v.*

---

[2] When determining whether a defendant has raised a substantial question, this Court does not analyze the underlying merits of the claim or the facts that may or may not support it. *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008); *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*) ("We emphasize that an appellant is required only to make a *plausible* argument that the sentence is contrary to a specific provision of the Sentencing Code or to the fundamental norms underlying the sentencing process. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." (emphasis in original)).

[3] This Court has previously observed that our jurisprudence regarding whether a substantial question is presented related to an excessive sentencing claim "has been less than a model of clarity and consistency." *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013). While the appellant always bears the burden of establishing that a substantial question exists for our review, in reviewing these claims, we should not "allow insignificant

***Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014); ***Commonwealth v. Coulverson***, 34 A.3d 135, 143 (Pa. Super. 2011) (claim that trial court's failure to offer sufficient reasons as required by Sentencing Code where judge imposed statutory maximum sentence presented substantial question).

Further, a defendant presents a substantial question when he or she alleges that the court imposed an aggravated range sentence without considering mitigating circumstances. ***See Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted). Similarly, there is a substantial question for our review when a defendant alleges that the court imposed a manifestly excessive sentence without considering mitigating evidence. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270-71 (Pa. Super. 2013). Cintron has alleged both of these abuses of discretion in his 2119(f) statement. ***See*** Cintron's Brief at 20-21. Therefore, I would find that he has stated a substantial question and review his claims on the merits. Now to a review of the merits of his claim.

---

differences in the phrasing of an issue to determine whether this Court evaluates a discretionary sentencing claim." ***Id.*** Because Cintron's 2119(f) statement alleges that the trial court failed to consider factors required under 42 Pa.C.S. § 9721(b), resulting in an unduly harsh and excessive sentence, I would find that he has met the technical mandates for raising a substantial question for our review. ***See*** Cintron's Brief at 19-20.

**II.**

**A.**

The Pennsylvania Commission on Sentencing has been entrusted by the

General Assembly to establish sentencing guidelines:

The commission shall adopt guidelines for sentencing within the limits established by law which shall be considered by the sentencing court in determining the appropriate sentence for defendants who plead guilty or nolo contendere to, or who were found guilty of, felonies and misdemeanors. In adopting guidelines, the commission shall recommend confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community and the rehabilitative needs of the offender. The guidelines shall address the following:

(1) Seriousness of the offense, by specifying the range of sentences applicable to crimes of a given degree of gravity, including incapacitation of serious violent offenders.

(2) Criminal history, by specifying a range of sentences of increased severity for offenders previously convicted of or adjudicated delinquent for one or more misdemeanor or felony offenses committed prior to the current offense.

(3) Criminal behavior, by specifying a range of sentences of increased severity for offenders who pose a substantial risk to public safety, including those who possessed or used a deadly weapon during the commission of the current conviction offense.

(4) Aggravated and mitigated ranges, by specifying variations from the range of sentences applicable on account of aggravating or mitigating circumstances.

(5) The impact of any amendments to section 9756 (relating to sentence of total confinement).

42 Pa.C.S. § 2154. As can be seen, the guidelines take into consideration the

seriousness of the offense, including the impact on the victim, past criminal

history and so on. They were promulgated so that individuals who committed

- 8 -

the same crime would be similarly sentenced as well as impeding sentences that placed added burdens on the Commonwealth without justification.

When the court imposes a sentence outside of the sentencing guidelines, it is required to provide a statement of reasons for the deviation.[4]  *Id.*; ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).  While the guidelines are advisory and not binding on the sentencing court, it must nevertheless consider the guidelines as one factor in sentencing and provide a reasoned justification for departing from them when it chooses to do so. ***Walls***, ***supra***, at 964; ***Commonwealth v. Sessoms***, 532 A.2d 775, 781 (Pa. Super. 1987) ("The guidelines must be 'considered' and, to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them.").  A defendant is not guaranteed a sentence within the standard range of the sentencing guidelines; he is, however, entitled to a sufficient explanation for any deviation from the guideline ranges.

"[B]asic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case."  ***Commonwealth v. Wright***, 961 A.2d 119, 132 (Pa. 2008) (citation omitted).  The requirement that the sentencing court places its reasons to support a sentence on the

---

[4] This requirement can be satisfied by placing the statement of reasons on the record in open court and in the defendant's presence.  ***See Bowen***, ***supra***, at 1263-64.

record at the sentencing hearing serves to protect these due process rights. The sentencing guidelines, in addition to the statutory maximum sentences for a particular offense, provide criminal defendants with notice regarding potential punishment for commission of a crime.

As noted, in crafting the sentencing guidelines, the Sentencing Commission has already considered the severity of the offense, providing a range of recommended sentences for the "norm" as well as for particular versions of the crime (or offender) that may call for a more aggravated or mitigated sentence.

> Thus, when a case is not of the norm the sentencing judge may deviate from the standard sentencing range. However, when sentencing in these ranges, the court is required to provide reasons on the record for so doing. Implicit in this methodology is the premise that the court must have valid reasons for sentencing in these ranges, otherwise the recitation of the reasons on the record would serve no real purpose. Further implicit in this methodology is the premise that the court's sentence in light of its reasons is subject to review by appellate courts. To hold otherwise is to relegate the guidelines scheme to a purely voluntary practice, for sentencing courts could simply pay token lip service to the guidelines and then impose any sentence they wished within the legal limitations without any forms of checks and balances.

*Commonwealth v. Gause*, 659 A.2d 1014, 1017 (Pa. Super. 1995); *see also Commonwealth v. Robertson*, 874 A.2d 1200 (Pa. Super. 2005) ("[T]he guidelines provide the predesignated ranges of punishment for the offense considering the inherent egregiousness of the conduct which is generally associated with the commission of that offense.").

While a sentencing court need not "parrot the words of the Sentencing Code . . . the record as a whole must reflect due consideration by the court of the statutory considerations." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008). To allow a sentencing court to merely pay "lip service" to the sentencing guidelines before imposing a sentence grossly outside of the recommended range would, in essence, render the guidelines meaningless. Further, extreme deviation from the sentencing guidelines without sufficient explanation on the record and in the presence of the defendant would deprive a defendant of his due process right to a reasoned sentence based on the individualized circumstances of his case. *Gause*, *supra.*

## B.

The trial court's statement in support of the highly aggravated sentence in this case was perfunctory and did not satisfy the obligation to provide a reasoned explanation for the extreme departure from the guidelines. The trial court's sole explanation at the sentencing hearing for the sentence imposed was as follows:

> **THE COURT**: I listened to all the reports and Mr. Cintron. I am going outside the guidelines. You literally dragged two wom[e]n off the street with a gun with an attempt to rape, and you did rape one of them. You intended to terrorize and rape those people. The cruelty that you showed the victims, especially [J.Q.], is absolutely appalling.
>
> You failed at several attempts at rehabilitation. You've run away from juvenile supervision. When you are on aftercare, you did not maintain contact with the P.O., noncompliant with the reintegration program. You did not go to school. The intimidation

- 11 -

to [J.Q] is absolutely and totally despicable. What you did, the community needs to be protected from you.

N.T., 2/22/18, at 34. Additionally, when Cintron expressed his desire to seek reconsideration, the judge stated: "My intention is that you stay the rest of [your] time in jail. I believe you are a threat to the community, and I think what you did is absolutely one of the most horrendous, displaceable [*sic*] crimes I've ever seen." ***Id***. at 36.

The severity of this sentence in relation to the applicable guidelines demanded a far more detailed explanation of the trial court's reasons than the explanation given at sentencing. "Where the trial court deviates substantially from the sentencing guideline range it is especially important that the court consider all factors relevant to the determination of a proper sentence." ***Commonwealth v. Messmer***, 863 A.2d 567, 573 (Pa. Super. 2004) (citation and internal quotation marks omitted). The mere fact that the judge stated that he reviewed the sentencing memoranda and considered all these factors does not diminish the responsibility to place those matters on the record, especially where the sentence far exceeds that which the guidelines recommend. ***See Coulverson***, ***supra***, at 150 ("Nor may [a court] aggregate consecutive sentences merely to achieve extended incarceration if the totality of the sentencing factors involved has not been considered *and acknowledged*." (internal citations omitted; emphasis in original)).

As Cintron points out in his brief, his case is analogous to **Coulverson**, **supra**, where we found the sentence imposed was "clearly unreasonable."[5] **Id.** at 146. Coulverson entered an open guilty plea to 18 offenses, including a brutal attack where Coulverson dragged a victim down an embankment and raped her. **Id**. at 140-41. We vacated the sentence of 18 to 90 years' incarceration because the sentencing court's reasoning to support the sentence was minimal:

> In this case, as in [**Commonwealth v. Dodge**, 957 A.2d 1198 (Pa. Super. 2008)], the record reveals scant consideration of anything other than victim impact and the court's impulse for retribution on the victims' behalf. In so recognizing, we hasten to acknowledge that the victims in this case, particularly those stricken by the rape and its aftermath, are casualties of a social and personal tragedy that has profoundly altered the courses of their lives. Their losses are the product of brutal, senseless acts and anathema to individual dignity in an ordered society. Nevertheless, those losses do not obviate the legal and social imperative that a defendant's punishment must fit not only the crime he committed, as reflected here in the impact statements of the victims at sentencing, but also must account for the rehabilitative need of the defendant, and the companion interest of society reflected in sections 9721(b) and 9781(d).

**Id**. at 147–48. Thus, even though the sentencing court had the benefit of a PSI, we held that "its discussion of sentencing rationale is otherwise so

---

[5] The "clearly unreasonable" standard applies to sentences that are within the guidelines. 42 Pa.C.S. § 9781(c)(2). Here, the sentence is outside the guidelines and we must determine whether it is "unreasonable." 42 Pa.C.S. § 9781(c)(3). Therefore, **Coulverson** examined the sentence under a somewhat more deferential standard.

summary as to offer no suggestion that is considered anything other than the seriousness of Coulverson's offenses." *Id.* at 146.

Like in *Coulverson*, the trial court's comments at sentencing evidenced a focus on retribution to the exclusion of virtually any other factor. The only reference at sentencing to something other than the severity of the crimes was the trial court's brief mention of Cintron's prior attempts at rehabilitation while on juvenile supervision. N.T., 2/22/18, at 34. Obviously, unsuccessful attempts at rehabilitation are a highly relevant factor. However, given that Cintron was 24 at the time of sentencing, with apparent borderline intellectual functioning, I cannot conclude that failed juvenile rehabilitations from seven or more years ago justify this sentence. This is particularly true when Cintron submitted a sentencing memorandum in advance of the hearing that provided significant detail regarding his family history, abusive upbringing and experience in the juvenile system. While the trial court acknowledged that it had read the memorandum, there is no indication of record that it considered these factors when it imposed the 45 to 90 year sentence of incarceration. N.T., 2/22/18, at 6. To the contrary, its reasoning as pronounced at the sentencing hearing, reproduced in its entirety *supra*, makes little mention of Cintron's social and familial history and rehabilitative needs.

Cintron also points out that in *Coulverson*, we found that the sentencing court improperly showed a desire to sentence the offender to a potential life sentence and, here, the trial court commented, "My intention is

that you stay the rest of [your] time in jail.  I believe you are a threat to the community, and I think what you did is absolutely one of the most horrendous, displaceable [*sic*] crimes I've ever seen."  N.T., 2/22/18, at 36.  The intent to inflict a life sentence without reference to any other factor is the antithesis of the individualized sentencing scheme that our Sentencing Code demands.

**C.**

While the trial court elaborated on its reasoning in imposing the 45 to 90 year sentence in its opinion pursuant to Pa.R.A.P. 1925(a), giving reasons which are already taken into consideration by the sentencing guidelines, the opinion is not a substitute for its obligation to provide its reasons for imposing the sentence at the time of sentencing.  ***Commonwealth v. Serrano***, 150 A.3d 470, 474 n.7 (Pa. Super. 2016) ("[A] sentencing court's reasons for a particular sentence must be given contemporaneously with the imposition of sentence.  A more extensive explanation in an opinion filed pursuant to Rule 1925(a) will not cure a failure to articulate reasons at the time of sentencing." (internal quotation omitted)).  When the court states its reasons for a sentence on the record at the hearing, the defendant is then on notice of the reasons for the sentence imposed and is able to make a fully informed decision regarding whether to appeal.

Pennsylvania's law regarding the preservation of sentencing issues for appeal makes the trial court's compliance with this mandate particularly important.  To challenge a sentence on appeal, a defendant must file a post-

sentence motion raising all grounds for challenging the sentence, as well as a Concise Statement of Errors Complained of on Appeal identifying all appealable issues. *See Conte*, *supra*. Not only does the post-sentence motion provide the trial court with the opportunity to reconsider its sentence or even address any deficiencies that may exist in the sentencing record, it satisfies the defendant's due process rights by allowing him to respond to the trial court's imposition of sentence that is over 20 years above the top of the standard range guideline. When a trial court adds reasons in its Rule 1925(a) opinion that were not expressed on the record, the defendant does not have the benefit of responding to the court's reasons in his post-sentence motion and Concise Statement, leading to a due process violation.

Also troubling is the Rule 1925(a) opinion's reliance on facts of a prior sexual assault arrest that did not result in conviction. At sentencing, Cintron objected to references in the Commonwealth's sentencing memorandum to those facts. In response, the trial court stated that it had not read any police reports for Cintron's arrests that did not result in convictions and, thus, it would not consider the facts of those arrests in fashioning its sentence. N.T., 2/22/18, at 7. Notwithstanding, the trial court opinion purports to justify its sentence on the very facts that the court said it would not consider at the sentencing hearing, which included a past arrest for rape and a violation of the Uniform Firearms Act that did not result in a conviction. Trial Court Opinion, 8/6/18, at 21.

Regardless of whether those underlying facts represented a valid consideration for sentencing, the record is clear that the trial court only became aware of those facts after the sentencing hearing. Further, the trial court did not make Cintron aware at the sentencing hearing that it would consider the underlying facts of these offenses in crafting the sentence. As a result, Cintron was not on notice that this information would form part of the basis for his sentence. As noted above, a trial court may not cure its failure to put sufficient reasons on the record to support its sentence by including a more detailed explanation in its Rule 1925(a) opinion. Sentencing is not susceptible to a harmless error approach, whereby the judge's later discovery of facts that might have justified the sentence excuses the failure to weigh the relevant considerations in the first instance. *See Serrano*, *supra.*

Given that the trial court's reasons for exceeding the guidelines in almost doubling the time set forth at the top end of the guidelines were perfunctory, I would vacate the judgment of sentence and remand for resentencing.