**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK ALAN WILLIAMS | : | No. 944 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005775-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK ALAN WILLIAMS | : | No. 945 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005267-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK ALAN WILLIAMS | : | No. 946 MDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002288-2022

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                    :                PENNSYLVANIA
                 Appellant                  :
                                                    :
                                                    :
                                                    :
            v.                                   :
                                                    :
                                                    :
                                                    :
DEREK ALAN WILLIAMS          :    No. 947 MDA 2024

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002256-2022

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                    :                PENNSYLVANIA
                 Appellant                  :
                                                    :
                                                    :
                                                    :
            v.                                   :
                                                    :
                                                    :
                                                    :
DEREK ALAN WILLIAMS          :    No. 948 MDA 2024

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001407-2022

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 3, 2025**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed after Williams pled guilty at five separate dockets related to a series of thefts, a robbery, and other related crimes. The Commonwealth challenges the discretionary aspects of Williams' sentence, claiming that the trial court abused its discretion when it sentenced Williams below the mitigated range of the sentencing guidelines. Upon review, we affirm.

- 2 -

Briefly, the facts are as follows. On January 27 and 31, 2022, Williams used his uncle's account at Lowe's to purchase tools and other items, in the amount of $580.35, without his uncle's approval. Again, on January 29, 2022, Williams used his uncle's phone number at Lowe's to purchase gift cards in the amount of $158.85.

On March 28, 2022, Williams took a tablet and charger worth $70 or less from Angel Quiles. On August 26, 2022, Williams took a television from an Econo Lodge.

On October 18, 2022, Williams took $58.94 worth of merchandise from Walmart. Williams threatened to stab the loss prevention officer and the security officer. Williams left Walmart. When the police caught Williams and arrested him, Williams threatened to stab two officers. Upon searching Williams, the police found a pocketknife. At the time of this incident, Williams was on drugs.

Williams was arrested and charged with various offenses at several dockets.

On February 14, 2024, Williams pled guilty as follows:

At docket 1407-2022, theft by deception (Lowes-tools);

At docket 2256-2022, theft by unlawful taking-movable property (Quiles-tablet and charger);

At docket 2288-2022, access device fraud (Lowes-gift cards);

At docket 5267-2022, theft by unlawful taking-movable property (Econo Lodge-television);

At docket 5775-2022, robbery-threat of immediate serious injury and four counts of terroristic threats (Walmart-miscellaneous items).[1]

On May 29, 2024, the trial court sentenced Williams to time served (434 days) to 23 months' incarceration at all five dockets, to run concurrent to each other, plus applicable restitution. Additionally, at docket 5775-2022, the court imposed 15 years' probation to run consecutive to Williams' sentence of incarceration for robbery and terroristic threats. The Commonwealth filed a post-sentence motion, which the court denied.

The Commonwealth filed these timely appeals.[2] The Commonwealth and the trial court complied with Appellate Rule 1925.

In its sole issue, the Commonwealth challenges the discretionary aspects of Williams' sentence for robbery and terroristic threats.[3] Commonwealth's Brief at 4. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

_____

[1] 18 Pa.C.S.A. §§ 3922(a)(1), 3921(a), 4106(a)(1)(ii), 3921(a), 3701(a)(1(ii), and 2706(a)(1).

[2] Upon motion of the Commonwealth, we consolidated these appeals.

[3] Although the Commonwealth filed an appeal at all dockets, it only raises an issue regarding Williams' sentence for robbery and terroristic threats for docket 5775-2022 in its Appellate Rule 1925(b) statement and statement of questions involved.

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). The Commonwealth complied with the first three criteria under *Colon*. Accordingly, we must determine whether the Commonwealth raises a substantial question.

In its Appellate Rule 2119(f) statement, the Commonwealth claims that the trial court abused its discretion when it imposed an excessively lenient and unreasonable sentence, which deviated from the applicable sentencing guidelines, for robbery and terroristic threats. Commonwealth's Brief at 12. We have held that "a claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guidelines presents a 'substantial question' for our review." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 1999). Therefore, we will address the merits of the Commonwealth's sentencing claim.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

- 5 -

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). Where there is an abuse of discretion, the sentence must be vacated. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

The Sentencing Code requires that when sentencing a defendant, the trial court must first consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b). The court also must consider "the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Finally, before imposing a sentence of total confinement, the court must consider "the nature and circumstances of the crime[,] and the history, character, and condition of the defendant." 42 Pa.C.S.A. § 9725.

The appellate court gives great deference to the trial court's sentencing decision. *See Walls*, 926 A.2d at 565. Nonetheless, this Court must vacate a sentence that is outside the sentencing guidelines and is unreasonable. 42 Pa.C.S.A. 9781(c)(3). To determine if the sentence is unreasonable, an appellate court must consider the following four factors:

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

- 6 -

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). "Thus, under the Sentencing Code, an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" **Walls**, 926 A.2d at 568. "[W]hat makes a sentence 'unreasonable' is not defined in the statute. Generally speaking, 'unreasonable' commonly connotes *a decision that is 'irrational' or 'not guided by sound judgment*.'" *Id.* at 568 (emphasis added).

The Commonwealth maintains that Williams sentence for robbery was overly lenient and unreasonable. Specifically, the Commonwealth argues that the trial court placed too much emphasis on Williams' rehabilitative needs and did not fully consider the protection of the public, the gravity of the offense, the sentencing guidelines, and other factors, such as his prior record score. Although the Commonwealth agreed that a mitigated sentence would be acceptable, it maintains that the court went too far. Consequently, according to the Commonwealth, the trial court abused its discretion. Commonwealth's Brief at 13, 16, 23.

Here, the offense gravity score for robbery was 10. Williams had a prior record score of 5. A standard range sentence under the guidelines was 60 to 72 months' incarceration (plus or minus 12 months). With the weapon possessed enhancement, which added 9 months, the standard range was 69 to 81 months' incarceration. The trial court sentenced Williams to time served

to 23 months' incarceration followed by 15 years' probation for the robbery and terroristic threats convictions.

Indisputably, the trial court sentenced Williams well-below the mitigated range. However, "the [s]entencing [g]uidelines are purely advisory in nature." ***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007). A sentencing court is permitted to deviate from the sentencing guidelines, but it must follow certain rules to do so.

> The statute requires a trial judge who intends to sentence a defendant outside of the **guidelines to demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines**. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, **so long as it also states of record the factual basis and specific reasons** which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted).

Contrary to the Commonwealth's claim, the trial court was well aware of the sentencing guidelines and considered them. The court had a presentence investigation report ("PSI") which addressed the applicable sentencing guidelines, and the court noted this on the record.[4] N.T., 5/29/24,

---

[4] The PSI set forth the sentencing guidelines applying the deadly weapon used enhancement rather than the deadly weapon possessed enhancement, to which Williams objected. ***See*** N.T., 5/29/24, at 2. The trial court concluded
*(Footnote Continued Next Page)*

at 2, 35.  Additionally, counsel for Williams and the Commonwealth reviewed

the sentencing guidelines with the court.  In fact, the court acknowledged that

the robbery charge, along with Williams' prior record score, justified a state

sentence.  *Id.* at 34.  However, before sentencing Williams, the court

observed:

> Obviously, this is a very difficult case because I, too, believe --
> and I'm sure, [] Williams, Attorney Young told you that I presided
> over Drug Wellness Court here in York County for three years. I've
> heard everything that you can imagine with respect to people who
> suffer from substance abuse.  I've seen people--most people go
> into treatment court to avoid jail.
>
> You know, you said you started this program to avoid jail.  I don't
> hold that against anybody because that's what most people say.
> But I also know that when I see someone, and I always refer to it
> as the light switch, you know, when somebody--it kind of finally
> kicks in that they can have a life worth living.  They can have a
> life where their family--they have their family back.  They can be
> a productive member of their society, all those things, and I see
> that, honestly, quite frequently in Drug Wellness Court.
>
> It's unfortunate that you didn't take this opportunity, you know,
> many years ago. I'm sure you would have avoided state prison.
> You would have avoided a lot of things that you haven't had, but
> not everybody's ready the first time they go into any treatment
> program.  I think it takes an average of five times with respect to
> someone who suffers from substance abuse disorder before
> they're ready for a meaningful--a shot at meaningful recovery.
> Those are the statistics.  The statistics also involve–the choice that
> I'm faced with is, you know, a state prison sentence, which is more
> than warranted based on the charges that you've incurred, your
> prior record score, all of those things.  Do I think that's going to
> benefit society is a question I need to make.  And I know that
> there's--I know that there's a sanction component to my job here

---

that the deadly weapon possessed, rather than used, enhancement, applied
because Williams did not pull out or brandish his pen knife when he made the
threats.

today, but I think the more important component of my job is what is best for society.

Do I think putting you in state prison is going to help society? No, I don't. Do I think it diminishes your chances of maintaining your recovery? Yes, I do. I am going to give you an exceedingly mitigated sentence. I'm sure Attorney Holland won't be happy with me, but I think under these circumstances, I [] think that your years of self-abuse and shame, you know, are sufficient punishment here, plus the time that you've already served. So I am going to severely mitigate your sentence. However, you're going to have a really long time on probation.

With that time on probation, if you--you know, if you return to use and start racking up charges again, you know where you're going to end up.

*Id.* at 33-35.

The trial court then sentenced Williams and specified the reasons for its

sentence and departure from the guidelines:

I believe that [] Williams has taken responsibility not only for his choices with respect to the dockets I'm sentencing him on today, but also his past, his history.

I believe he's genuinely committed to treatment and continuing with his Christ-centered recovery. It seems like that is the thing that's finally opened his eyes to the man that he can be. I've certainly taken into consideration his family and the stories that they've told. I believe each and every one of them that he is a different man today than he was, you know, ten years ago, and he's returned to the person, you know, the son, the brother, the grandson that he used to be before substance abuse took over.

I also don't believe it benefits society to put him in state prison, especially if he's not going to be able to do the state drug treatment court program [which the Commonwealth declined to waive Williams' ineligibility]. I don't think state prison would benefit him or benefit society. What would benefit society is him continuing with this recovery program, finishing it, and, beyond that, hopefully becoming a staff member at that program or doing something else to greatly benefit society.

- 10 -

***

And I also wanted to note for the record, it's certainly not an excuse, with respect to the robbery, I know based on reading the affidavit of probable cause, [] Williams was intoxicated at the time. I'm sure that influenced his behavior on that date.

***

I also want to take into consideration all of the work that [] Williams did while incarcerated, including completing the Freedom Program. There's a lot of other programs, but the Freedom Program I think is the most significant and a program with respect to his specific needs. So that's another reason why[;] it's another mitigating factor for me.

*Id.* at 36-37, 41-42.

The trial court's explanation clearly shows that it appropriately considered the relevant sentencing factors. Admittedly, the court placed much emphasis on Williams' rehabilitative needs. The court's experience with the wellness court afforded it useful insight into Williams' circumstances. The court recognized the significant transformation he was undergoing. However, the determining factor for the court was what would benefit society. ***See id.*** at 34. The court noted that Williams was a valuable member of his program. Trial Court Opinion, 9/10/24, at 8. Williams was going to "staff on" once he completed the program so he could help others. Allowing him to treat his addiction, which he could not do if he were incarcerated, would prevent him from committing more crimes, allow him to become a productive member of society, and, ultimately, benefit society.

To ensure that Williams stayed with his program and to protect the public, the trial court imposed a lengthy probation. The court also imposed conditions targeted to help Williams stay in recovery while on probation. *See* N.T., 5/29/24, 37-50. And, if he violates his probation, the court has the ability to resentence Williams to a long period of incarceration.

The Commonwealth maintains, however, that trial court **was required** to explain how the robbery in this case differed from a typical robbery, given its substantial deviation in the sentencing guidelines, but failed to do so. Commonwealth's Brief at 23. We disagree.

"[T]he guidelines were implemented in order to make criminal sentences more rational and consistent, to eliminate unwarranted disparity in sentencing, and *to restrict the unfettered discretion we give to sentencing judges.*" **Commonwealth v. Gause**, 659 A.2d 1014, 1016 (Pa. Super. 1995) (quoting Pennsylvania House Journal, 3130 (September 21, 1978)) (emphasis removed). Thus, generally "unless the particular facts of the case in question are distinguishable from the typical case of that same offense, a sentence in the standard range would be called for. **Id.** at 1016-17. But the **Gause** court recognized that certain cases may involve factors which necessitate a deviation therefrom. In doing so, the court must provide valid reasons for its deviation. **Id.** at 1017. Thus, it is not **a requirement** that the court indicate how the crime and circumstances in a particular case vary from the typical circumstances of a crime. Rather, the court must only provide appropriate justification considering relevant sentencing factors when it imposes a

sentence that departs from the guidelines. As discussed above, the trial court did so in this case, giving a comprehensive and deliberative rationale for Williams' sentence.[5]

Therefore, we conclude that the trial court exercised sound judgment and offered rational reasons for its sentence. Consequently, Williams' sentence was not unreasonable. Moreover, "[w]e cannot reweigh the sentencing factors and impose our judgment in the place of the sentencing court. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Because the trial court did not abuse its discretion, the Commonwealth is not entitled to relief.

Judgment of sentence affirmed.
Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/3/2025</u>

_____

[5] We further note that for this reason, *Commonwealth v. Shull*, 148 A.3d 820 (Pa. Super. 2016), which the Commonwealth relies on, is distinguishable from the instant case. There, the trial court offered little reason why the defendant's particular circumstances warranted a severe downward departure from the sentencing guidelines, only citing the defendant's age and potential issues related to his ethnicity if he were sent to the state. Consequently, this Court vacated the sentence and remanded for resentencing. *Id.* at 837.